UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___6/20/18___

---

PURPLE MOUNTAIN TRUST, *individually and on behalf of all others similarly situated,*

Plaintiff,

- against -

WELLS FARGO & COMPANY, TIMOTHY J. SLOAN, and JOHN RICHARD SHREWSBERRY,

Defendants.

**ORDER**

18 Civ. 1318 (ER)

---

Ramos, D.J.:

On February 14, 2018, Plaintiff Purple Mountain Trust brought the instant lawsuit against Defendants Wells Fargo and Company ("Wells Fargo"), Timothy J. Sloan ("Sloan") and John Richard Shrewsberry ("Shrewsberry"), alleging violations of the Securities Exchange Act of 1934. *See* Compl. (Doc. 2). On April 16, 2018, Purple Mountain Trust, Jyontindra Patel ("Patel"), and the Southern California Laborers Pension Trust ("Southern California Laborers") all moved to serve as lead plaintiff for the class. *See* Docs. 9, 12, 15. The next day, on April 17, 2018, Patel withdrew his motion. *See* Doc. 18. On April 27, 2018, Purple Mountain Trust withdrew its motion. *See* Doc. 19. While Southern California Laborers' motion to serve as lead plaintiff was pending, it sought a pre-motion conference based on its desire to move to change venue to the Northern District of California. *See* Doc. 21. Defendants take no position on the motion. *See* Doc. 23. For the reasons stated below, both of Southern California Laborers' motions are GRANTED.

## I.    BACKGROUND

Wells Fargo is a diversified financial services company providing banking, insurance, investments, mortgage, leasing, credit cards, and consumer finance. *See* Compl. ¶ 20.  On September 8, 2016, the Consumer Financial Protection Bureau published a consent order it entered into with Wells Fargo, detailing fraudulent practices at Wells Fargo and imposing a fine of over $185 million. *Id.* ¶ 21.

Beginning in January 2017, Wells Fargo published press releases and SEC filings stating that the company was "mak[ing] progress . . . rebuilding the trust of our customers." *Id.* ¶¶ 22–23.  Wells Fargo CEO Sloan repeated similar sentiments over an earnings call on January 13, 2017. *Id.* ¶ 24.  Wells Fargo continued to make equally optimistic statements on April 13, 2017, May 5, 2017, and July 14, 2017. *Id.* ¶¶ 25–31.

But on July 27, 2017, the *New York Times* reported that more than 800,000 consumers who took out car loans from Wells Fargo were charged for auto insurance they did not need, which pushed 274,000 consumers into delinquency and resulted in 25,000 wrongful repossessions. *Id.* ¶ 32.  The source for the piece was an internal report that had been prepared for Wells Fargo executives. *Id.*  That day, Wells Fargo's share price fell $1.41. *Id.* ¶ 33.

Plaintiff Purple Mountain Trust brought this suit on February 14, 2018, alleging that Defendants' statements about Wells Fargo's relationship to its customers in early 2017 were materially misleading and violated Sections 10(b) and 20(a) of the Exchange Act.

## II.    MOTION TO SERVE AS LEAD PLAINTIFF

On April 16, 2018, Southern California Laborers moved to serve as lead plaintiff for the class. *See* Doc. 15.  It is currently the only party moving for designation as lead plaintiff. *See* Docs. 18, 19.

2

The Private Securities Litigation Reform Act ("PSLRA") governs motions for the appointment of lead plaintiffs of putative class actions brought under the federal securities laws. *See, e.g.*, *In re Braskem S.A. Sec. Litig.*, No. 15 CIV. 5132 (PAE), 2015 WL 5244735, at \*4 (S.D.N.Y. Sept. 8, 2015). The PSLRA instructs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that: (1) "has either filed the complaint or made a motion in response to" public notice of the filing of the class action; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted "only upon proof by a member of the purported plaintiff class" that the presumptively most-adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u–4(a)(3)(B)(iii)(II).

Southern California Laborers timely filed its motion to serve as lead plaintiff, meeting the first requirement of the rebuttable presumption standard. *See* Doc. 15. As the only movant for lead plaintiff status, it also necessarily meets the second requirement. Finally, Southern California Laborers purchased Wells Fargo stock during the Class Period. There are no known conflicts between Southern California Laborers and other Plaintiffs. *See* Doc. 17 Ex. B (Certification of Southern California Laborers). Southern California Laborers' selected counsel, Robbins Geller Rudman & Dowd LLP, is a law firm experienced in litigating complex securities issues. *See* Doc. 17 Ex. D (Resume of counsel). Southern California Laborers therefore also

3

satisfies Rule 23's requirements for adequacy and typicality as a class representative.  The Court

finds that it is entitled to the rebuttable presumption that it is the most adequate plaintiff.

Southern California Laborers' motion is unopposed, meaning that no class member has even

attempted to show that it cannot fairly and adequately represent the class.  Finding that the

PSLRA's presumption has not been rebutted, the Court GRANTS Southern California Laborers'

motion to be appointed Lead Plaintiff.

## III.    MOTION FOR TRANSFER

A district court may transfer any civil action to any other district where that action might

have been brought "for the convenience of the parties and witnesses."  28 U.S.C. § 1404(a).

Courts in this circuit consider a number of factors on a motion to transfer venue, including:

> (1) plaintiff's choice of forum, (2) the convenience to witnesses, (3)
> the location of relevant documents and ease of access to sources of
> proof, (4) the convenience of parties to the suit, (5) the locus of
> operative facts, (6) the availability of process to compel the
> attendance of unwilling witnesses, (7) the relative means of the
> parties, (8) the forum's familiarity with the governing law, (9) trial
> efficiency, and (10) the interest of justice, based on the totality of
> circumstances.

*Recurrent Cap. Bridge Fund I, LLC. v. ISR Sys. and Sensors Corp.*, 875 F. Supp. 2d 297, 304

(S.D.N.Y. 2012).

The "threshold question" for a court considering a transfer motion is whether the action

could have been brought in the district to which the movant requests transfer—in this case, the

Northern District of California.  Defendants in this case are Wells Fargo and two Wells Fargo

executives, Timothy J. Sloan and John R. Shrewsberry.  Wells Fargo is headquartered in San

Francisco, California, within the Northern District of California, and both Sloan and Shrewsberry

are domiciled within California.  *See* Compl. ¶ 15, Doc. 21 at 2 n.3.  The Northern District of

California therefore would have personal jurisdiction over each of the Defendants.  That court

4

would also have subject-matter jurisdiction over the claims as they arise under federal law.  *See* Compl. ¶¶ 10–11.  Finally, under the Securities Exchange Act, a party may bring an action "in the district wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business."  15 U.S.C. § 78aa.  Here, the Defendants all transact business through Wells Fargo in San Francisco, and the allegedly fraudulent statements were disseminated from Wells Fargo in San Francisco to the Securities and Exchange Commission ("SEC").  Doc. 21 at 3.

Because this litigation could have been brought in the Northern District of California, the Court must next consider whether transfer would be convenient for the parties and witnesses.[1] Here, the Defendants are from California, as is Southern California Laborers, which the Court has appointed lead plaintiff.  *See* Doc. 21 Ex. 2 (Contact Information for Southern California Laborers).  Based on the nature of the dispute, it is clear that many (if not most) of the witnesses in this case will be employees of Wells Fargo who work at headquarters in San Francisco.  The convenience of the forum for witnesses is considered "the single most important factor in the analysis of whether a transfer should be granted," *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006), and the Court finds, based on the parties' submissions and the allegations in the Complaint, that this factor weighs toward transfer.  The Court also finds that the locus of operative facts is the Northern District of California, because Wells Fargo headquarters is the "factual epicenter of [the allegations in the Complaint], and

---

[1] Ordinarily, a motion to transfer is not granted to the party who chose the forum in the first place, unless that party can show a change of circumstance.  *In re Anadarko Petroleum Corp.*, Nos. 10 Civ. 4905 (PGG), 10 Civ. 5894 (PGG), 2012 WL 12894796, at *4 (S.D.N.Y. Mar. 19, 2012).  Here, however, California Southern Laborers did not initially choose the forum of this lawsuit.  Therefore, the changed circumstance requirement does not apply to its motion for transfer.  *Id.*

appears to be the locus of all relevant decisionmaking." *In re Anadarko Petroleum Corp.*, Nos. 10 Civ. 4905 (PGG), 10 Civ. 5894 (PGG), 2012 W 12894796, at \*9 (S.D.N.Y. Mar. 19, 2012).

## IV.   CONCLUSION

For these reasons, the Court GRANTS the unopposed motions for appointment as lead plaintiff and transfer.  The Clerk of Court is respectfully directed to terminate the motions (Docs. 9, 12, 15, 21, and 23) and transfer this case to the Northern District of California.

It is SO ORDERED.

Dated:     June 20, 2018
           New York, New York

Edgardo Ramos, U.S.D.J.