1   JORDAN ETH (SBN 121617)
    JEth@mofo.com
2   ANNA ERICKSON WHITE (SBN 161385)
    AWhite@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Defendant
    STEPHEN SANGER
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12   PURPLE MOUNTAIN TRUST, Individually            Case No. 3:18-cv-03948-JD
     and on Behalf of All Others Similarly Situated,
13
                                   Plaintiff,
14                                                   **STEPHEN SANGER'S REPLY IN
                                                     SUPPORT OF MOTION TO DISMISS
15        vs.                                        THE CONSOLIDATED COMPLAINT
                                                     FOR VIOLATION OF THE FEDERAL
16   WELLS FARGO & COMPANY, TIMOTHY                  SECURITIES LAWS**
     J. SLOAN, JOHN R. SHREWSBERRY,
17   STEPHEN SANGER, and MARY MACK,
                                                     Hearing Date:    February 28, 2019
18                                 Defendants.        Hearing Time:    10:00 a.m.
                                                     Judge:           Hon. James Donato
19                                                   Courtroom:       11, 19th Floor

20

21

22

23

24

25

26

27

28

STEPHEN SANGER'S REPLY IN SUPP. OF MOT. TO DISMISS THE CONSOL. COMPL.
Case No. 3:18-cv-03948-JD

1    Plaintiff's Opposition fails to adequately respond to the issues raised in Defendant

2   Stephen Sanger's Motion to Dismiss ("Sanger Motion") regarding (1) the alleged falsity of

3   Sanger's challenged statements and (2) his lack of scienter.  (Sanger Mot., ECF No. 59; Opp'n,

4   ECF No. 63.)[1]

5       *First*, the Sanger Motion showed that Sanger's three challenged statements updated Wells

6   Fargo's investors about the Sales Practice Investigation.  Because those statements did not state or

7   imply anything about the CPI issue, they were not false or misleading.  (Sanger Mot. at 2; Wells

8   Fargo's Mot. to Dismiss at 9-10, 12-15, ECF No. 55.)  Plaintiff's Opposition does not respond to

9   any of Sanger's specific points.  It instead asserts generally that the Sales Practice Investigation

10   was "touted as 'a comprehensive independent investigation' that 'describes everything to date.'"[2]

11   (Opp'n at 3, 7.)  Sanger never made such a statement.  Excised language from the 2017 Proxy

12   explicitly describes the investigation as being only about the Sales Practice Investigation— "a

13   comprehensive independent investigation *into our Company's retail banking sales practices and*

14   *related matters*."  (Compl. ¶ 85, ECF No. 46.)  And nowhere in the Proxy did Sanger (or any

15   Defendant) claim to "describe[] everything to date."  Those words come from Shrewsberry's

16   March 20, 2017 statement made in response to a request for an update on the Sales Practice

17   Investigation.  (*Id.* ¶ 91.)[3]

18       *Second*, with respect to scienter, the Opposition mischaracterizes the Complaint's

19   allegations about who received the Wyman Report.  (Opp'n at 24-26.)  Plaintiff argues that the

20   results of an internal investigation into the CPI issue were presented to the Board "by September

21   2016," (Opp'n at 2, 19, 24), but the Complaint makes no such allegations about what specifically

22

23       [1] Capitalized terms have the same definition as set forth in the Sanger Motion, unless
    otherwise defined.

24
       [2] The Opposition also points to statements other defendants allegedly made about the
25   Board's investigation, *e.g.*, "leav[ing] no stone unturned," "looking at all of our businesses," and
    having "voluntarily commissioned reviews [plural] of really the rest of Wells Fargo."  (Opp'n at
26   19-20.)  Sanger made none of those statements.

       [3] The Opposition also fails to explain how Sanger's statements about restoring trust, made
27   in connection with the Sales Practice Investigation, were objectively verifiable or false, even if
    Sanger had some knowledge of the CPI issue.  (Opp'n at 20-23; Sanger Mot. at 2 n.1; Wells
28   Fargo's Mot. to Dismiss at 15-18.)

1    was escalated to the Board regarding the CPI issue.  Indeed, the allegations Plaintiff cites in

2    support of that argument do not mention Sanger or the Board receiving any results of an internal

3    investigation.  (Compl. ¶¶ 155-162.)  Still, even if Sanger had some knowledge of the CPI issue,

4    Plaintiff fails to demonstrate how it would put Sanger on notice that his challenged statements

5    regarding the Sales Practice Investigation were in any way false or misleading.  (Sanger Mot. at

6    2-3; Wells Fargo's Mot. to Dismiss at 20-24.)[4]  Finally, as to Plaintiff's "core operations"

7    argument, that inference, if applicable at all, principally concerns "management's" knowledge,

8    not outside directors like Sanger.  *S. Ferry, LP, No. 2 v. Killinger*, 542 F.3d 776, 781, 786 (9th

9    Cir. 2008) (absent detailed and specific allegations about actual knowledge, "core operations"

10   facts must be so apparent that it would be "'absurd' to suggest that *management* was without

11   knowledge of the matter" (emphasis added)).

12        For the reasons discussed in the Sanger Motion and Wells Fargo's Motion to Dismiss,

13   Plaintiff's claims against Sanger should be dismissed with prejudice.

14

     Dated:  January 25, 2019

15                                                    */s/ Anna Erickson White*
                                                      Jordan Eth
16                                                    Anna Erickson White
                                                      MORRISON & FOERSTER LLP
17                                                    425 Market Street
                                                      San Francisco, California  94105
18                                                    Telephone: 415.268.7000
                                                      Facsimile: 415.268.7522
19
                                                      *Attorneys for Defendant Stephen Sanger*
20

21

22

          [4] Because Plaintiff fails to connect Sanger's retirement from the Board with the CPI issue
23   and does not provide any evidence of wrongdoing by Sanger, (Opp'n at 29), Plaintiff cannot
     plead scienter based on his resignation.  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1062-63
24   (9th Cir. 2014) (departures of executives did not support inference of scienter where plaintiffs
     failed to connect the departures with the problems at issue); *In re Downey Sec. Litig.*, No. CV 08-
25   3261-JFW (RZx), 2009 WL 2767670, at *13 (C.D. Cal. Aug. 21, 2009) (resignation or
     termination provides evidence of scienter "only when it is accompanied by additional evidence of
26   the defendant's wrongdoing," such as resigning specifically to avoid cooperating with an internal
     investigation); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1148 (N.D. Cal. 2017) (departures
27   "accompanied by additional evidence of [D]efendant[s'] wrongdoing," namely witness statements
     attributing the departures to the problems at issue, contributed to finding of scienter (citation
28   omitted)).