UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURPLE MOUNTAIN TRUST,<br><br>                    Plaintiff,<br><br>        v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>                    Defendants. | Case No. 18-cv-03948-JD<br><br>**ORDER RE PRIVILEGE AND DISCOVERY ISSUES**<br><br>Re: Dkt. No. 180 |

At the Court's request, the parties consolidated several discovery disputes into a single letter brief. Dkt. No. 180. The backdrop for the letter is the Court's motion to dismiss order, which sustained plaintiffs' Section 10(b) and Rule 10b-5 securities claims for Statements 1 and 13 in the consolidated amended complaint with respect to whether defendants made misleading statements about known problems with the bank's collateral protection insurance (CPI) and guaranteed auto protection (GAP) practices. *See* Dkt. No. 46 (amended complaint); Dkt. No. 71-1 (claims chart); Dkt. No. 74 (dismissal order). The questions for resolution are whether: (1) defendants preserved attorney-client and work product privileges for documents relating to the drafting and submission of a QFR response to the United States Senate; (2) defendants preserved the same privileges for documents relating to presentations to the United States Department of Justice and state attorneys general; (3) defendants properly "clawed back" a one-page document of notes by a bank VP, David Marks; and (4) defendants should produce documents about "sales practices" and an August 15, 2016 board presentation.

In answering these questions, the Court is guided by the foundational principle that discovery is "ordinarily accorded a broad and liberal treatment," and that "wide access to relevant

facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotations omitted).

## I.    PRIVILEGE ASSERTIONS RE THE SENATE QFR RESPONSE

Defendants withheld from production on attorney-client communication and work product grounds a number of documents relating to the preparation of the QFR response, and identified the withheld documents in privilege logs. *See* Dkt. Nos. 119, 123, 129, 147. Plaintiffs say that defendants have waived the privileges by putting the content of the documents in issue for their defense, and that the crime-fraud exception and other reasons require production of the withheld documents.

The parties' familiarity with the record is assumed, and the Court resolves the question solely on the basis of waiver. Plaintiffs' production request is granted in part.

The governing law is straightforward:

> [W]aiver by implication, or implied waiver, is based on the rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation. Waivers by implication rest on the "fairness principle," which is often expressed in terms of preventing a party from using the privilege as both a shield and a sword. ... In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.

*United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003)) (internal citations omitted).

The inquiry is whether defendants have put into play the QFR documents they seek to withhold from plaintiffs. They have, to a limited degree. Defendants alleged lack of scienter as a defense, Dkt. No. 79 at 44 (fourth affirmative defense), and expressly stated in their motion for summary judgment with respect to Statement 13 that "there is no evidence that any of those lawyers or anyone else who drafted or approved the response . . . knew about either the CPI or GAP issues or ignored any 'red flags.'" Dkt. No. 162 at 24. This wields the defensive "sword" of the attorneys' ignorance of the CPI or GAP issues, and it would be patently unfair to allow defendants to "shield" this assertion of fact from discovery and cross-examination on privilege grounds. *See Sanmina Corp.*, 968 F.3d at 1117; *Bittaker*, 331 F.3d at 720.

1  Even so, plaintiffs' proposed solution of obtaining every document relating to the
2  preparation of the QFR response is overbroad. Defendants are directed to produce all documents
3  withheld on privilege grounds for this issue which mention or refer to CPI or GAP. If no such
4  documents exist, a defendant custodian or other party representative will so attest in a sworn
5  declaration. The production must be completed, or the declaration filed, by May 16, 2022, unless
6  the parties jointly agree to a different deadline.

## II. PRIVILEGE ASSERTIONS RE DOJ AND STATE AG PRESENTATIONS

Defendants represent that they have produced the presentations made to the DOJ and the state attorneys' general. *See* Dkt. No. 109 at 1-2. Plaintiffs seek production of the preparation documents over defendants' assertion of attorney-client and work product protections.

Plaintiffs' request is denied. Defendants have not relied upon the presentations for their defense, and so this is not a sword and shield situation that might warrant a finding of waiver. No other potential basis of disclosure is apparent in the record. If defendants subsequently raise the presentations as material to the case, the Court may revisit this conclusion.

## III. THE CLAW BACK DOCUMENT

The document in dispute, WF_PM_00470570, consists of one page with five lines of text prepared by VP Marks. At the Court's request, defendants provided a chambers copy of the document. Dkt. No. 186-187. A fair reading of lines one through three is that they relate directly to legal advice, and so are subject to the attorney-client privilege. *Sanmina Corp.*, 968 F.3d at 1116. Defendants did not waive this privilege in their scienter allegations, and have withdrawn a defense of good faith. *See* Dkt. No. 119. Consequently, these lines are properly withheld from discovery.

The remaining two lines are not directed to obtaining legal advice, or to any other potentially privileged matter, and so are subject to disclosure. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Defendants are directed to produce the document with the first three lines redacted by May 9, 2022.

## IV. DOCUMENTS RE SALES PRACTICES AND THE AUGUST 15, 2016 BOARD PRESENTATION

The issue for these documents is relevance, and not a privilege. The record presently before the Court is not adequately developed for a dispositive order. It is not clear what, if anything, might be relevant to the CPI and GAP issues in these documents. It is also not clear what defendants have or have not produced with respect to these document categories. Consequently, the parties are directed to meet and confer on these questions by May 11, 2022. If a dispute remains after that, they may present the issue at the hearing on class certification on May 12, 2022.

**IT IS SO ORDERED.**

Dated: May 3, 2022

JAMES DONATO
United States District Judge