# EXHIBIT 1

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SPENCER A. BURKHOLZ (147029)
   JASON A. FORGE (181542)
3  SCOTT H. SAHAM (188355)
   LUCAS F. OLTS (234843)
4  ASHLEY M. KELLY (281597)
   KEVIN S. SCIARANI (301411)
5  ERIKA L. OLIVER (306614)
   655 West Broadway, Suite 1900
6  San Diego, CA  92101
   Telephone:  619/231-1058
7  619/231-7423 (fax)
   spenceb@rgrdlaw.com
8  jforge@rgrdlaw.com
   scotts@rgrdlaw.com
9  lolts@rgrdlaw.com
   akelly@rgrdlaw.com
10 ksciarani@rgrdlaw.com
   eoliver@rgrdlaw.com
11        – and –
   JASON C. DAVIS (253370)
12 Post Montgomery Center
   One Montgomery Street, Suite 1800
13 San Francisco, CA  94104
   Telephone:  415/288-4545
14 415/288-4534 (fax)
   jdavis@rgrdlaw.com
15
   Attorneys for Lead Plaintiff
16
                     UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18

19 PURPLE MOUNTAIN TRUST, Individually    )  Case No. 3:18-cv-03948-JD
   and on Behalf of All Others Similarly Situated, )
20                                        )  CLASS ACTION
                              Plaintiff,  )
21                                        )  STIPULATION OF SETTLEMENT
         vs.                              )
22                                        )
   WELLS FARGO & COMPANY, et al.,         )
23                                        )
                              Defendants. )
24 _____ )

25

26

27

28

4894-0359-0214.v6

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between lead plaintiff Construction Laborers Pension Trust for Southern California ("Lead Plaintiff"), on behalf of itself and the proposed Class (defined in ¶1.4), on the one hand, by and through its counsel of record in the Action (defined in ¶1.1), and defendants Wells Fargo & Company ("Wells Fargo" or the "Company") and Timothy J. Sloan (collectively, "Defendants") on the other hand, by and through their counsel of record in the Action.

All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

## I.   THE LITIGATION

On February 14, 2018, the initial complaint in *Purple Mountain Tr. v. Wells Fargo & Co., et al.*, No. 1:18-cv-01318-ER (S.D.N.Y.), was filed in the United States District Court for the Southern District of New York.  In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended (the "PSLRA"), notice to the public was published on February 14, 2018 stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.  On April 16, 2018, Construction Laborers Pension Trust for Southern California moved for appointment as lead plaintiff and approval of its selection of counsel.

On June 20, 2018, the Court appointed Construction Laborers Pension Trust of Southern California as Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel.  ECF 24.

The case was then transferred to the Northern District of California for the convenience of the parties and witnesses upon Lead Plaintiff's motion.  ECF 23.

Lead Plaintiff filed the Consolidated Complaint for Violation of the Federal Securities Laws (ECF 46) ("Complaint") in this Action on August 31, 2018, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") against all Defendants.  Defendants filed their motion to dismiss the Complaint on November 2, 2018.  ECFs 55, 56, 59, 60, 61.  Lead Plaintiff filed its opposition to the motion to dismiss on December 21, 2018 and, on January 25, 2019, Defendants filed their reply in further support of their motion to dismiss.  ECFs 63, 64.  On

January 10, 2020, the Court entered an order granting in part and denying in part the motion to dismiss.  ECF 74.  Defendants answered the Complaint on February 28, 2020.  ECFs 79, 80.

The parties then began formal fact discovery.  The parties' extensive fact discovery included Wells Fargo's production of more than 88,000 documents (encompassing over 505,000 pages) from over 40 custodians, Lead Plaintiff's depositions of 19 fact witnesses, and Defendants' service of 152 pages of admissions and sworn interrogatory responses in response to Lead Plaintiff's written discovery.  Lead Plaintiff also issued subpoenas to approximately 35 third-parties, which produced more than 510,000 additional documents.  Lead Plaintiff produced over 1,300 pages of documents and provided responses to document requests and interrogatories.

The parties also conducted extensive expert discovery on issues including loss causation, damages, insurance practices, Congressional investigations, corporate disclosure requirements and processes.  The parties produced expert reports from 6 experts, took 7 expert depositions, and produced numerous expert-related documents.

On October 15, 2020, Lead Plaintiff moved to certify the class.  ECF 102.  Following full briefing, on August 15, 2022, the Court granted the motion certifying a class of all persons and entities that purchased or otherwise acquired shares of the publicly traded common stock of Wells Fargo during the period from November 3, 2016, through August 3, 2017, inclusive, and were damaged thereby.  *See* ECF 211 (the "Class Certification Order").  The Court appointed Lead Plaintiff as class representative and appointed Robbins Geller as class counsel.  *Id*.  On October 28, 2022, the Court issued its Order Approving Class Notice and Amended Joint Proposal for Dissemination (the "Class Notice Order") (ECF 219), which required any persons or entities wishing to exclude themselves from the Class do so by January 26, 2023.  After the Court issued the Class Notice Order, the Court-appointed Claims Administrator, Gilardi & Co. LLC, began distributing notice of the Class Action to potential Class members on November 18, 2022.  Sixty-four (64) valid and timely requests to opt-out of the Litigation were returned.  *Id*.

On January 14, 2022, Defendants moved for summary judgment on all of Lead Plaintiff's claims.  ECF 162.  On January 14, 2022, Defendants also moved to exclude or strike portions of the testimony of all of Lead Plaintiff's experts.  Lead Plaintiff opposed each of these motions on

1   February 23, 2022.  ECFs 167, 168, 169, 170-171.  The parties engaged in extensive meet and

2   confer discussions regarding the scope of admissible evidence at trial, and the parties began

3   briefing motions *in limine*.  The parties, among other things, also exchanged trial exhibits and

4   began preparing deposition designations, proposed jury instructions, and verdict forms.

5         During the course of the Litigation, the parties engaged with a neutral third-party mediator,

6   the Hon. Layn R. Phillips (Ret.).  Judge Phillips held direct settlement discussions on multiple

7   occasions, and convened several teleconferences and meetings regarding a potential resolution of

8   the action and ultimately an agreement was reached to settle the Litigation on the terms set forth

9   herein.

10  **II.      LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT**

11        Lead Plaintiff believes that the claims asserted in the Action have merit and that the

12  evidence developed to date supports the claims asserted.  However, Lead Plaintiff and Lead

13  Counsel recognize and acknowledge the expense and length of continued proceedings necessary

14  to prosecute the Action through trial and any possible appeals.  Lead Plaintiff and Lead Counsel

15  also have taken into account the uncertain outcome and the risk of any litigation, especially in

16  complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.

17  Lead Counsel is mindful of the inherent problems of proof and the possible defenses to the claims

18  alleged in the Action.  Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the

19  Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is

20  in the best interests of the Class.

21  **III.     DEFENDANTS' DENIALS OF LIABILITY**

22        Defendants deny each and all of the claims, contentions, and allegations made by Lead

23  Plaintiff in the Action.  Defendants also deny that they have violated the federal securities laws or

24  any other laws, or have otherwise misled investors as alleged in the Action.  Defendants also deny

25  the allegations that any Defendants made any material misstatements or omissions or engaged in

26  any fraudulent scheme, and that any member of the Class has suffered damages resulting from the

27  conduct alleged in the Action.   In addition, Defendants maintain that they have meritorious

28  defenses to the claims alleged in the Action.

Nonetheless, Defendants have concluded that further litigation could be burdensome, expensive, and disruptive.  Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action.  Accordingly, Defendants are entering into this Stipulation solely to eliminate the cost, disruption, and uncertainty of further litigation.  Each Defendant denies any wrongdoing, and this Stipulation shall not be construed or deemed to be evidence of, or an admission or concession on the part of any Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

NOW THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or truth as to the allegations of Lead Plaintiff or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties, through their respective undersigned attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

## 1.    Definitions

As used in this Stipulation, the following capitalized terms shall have the meanings set forth below.

1.1    "Action" means the civil action captioned *Purple Mountain Tr. v. Wells Fargo & Co., et al.*, No. 3:18-cv-03948-JD (N.D. Cal.), pending in the United States District Court for the Northern District of California before the Honorable James Donato.

1.2    "Authorized Claimant" means a Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation.

1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.  Defendants had and shall have no involvement in the retention of Gilardi & Co. LLC or any other claims administrator.

1.4    "Class" or "Class Member" means all Persons and entities who purchased or otherwise acquired the common stock of Wells Fargo during the period from November 3, 2016 through August 3, 2017 inclusive, and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of Wells Fargo and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class.

1.5    "Class Period" means the period from November 3, 2016 through August 3, 2017, inclusive.

1.6    "Defendants" means Wells Fargo and Timothy J. Sloan.

1.7    "Defendants' Counsel" means Sullivan & Cromwell LLP and Clarence Dyer & Cohen LLP.

1.8    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.9    "Escrow Account" means the separate escrow account designated and controlled by Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Class.

1.10    "Escrow Agent" means Lead Counsel.

1.11    "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses.

1.12    "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either: (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired; or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of

1  right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding
2  involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any
3  appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of
4  Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or
5  affect the time set forth above for the Judgment to become Final or otherwise preclude the
6  Judgment from becoming Final.

7      1.13    "Former Defendants" means John R. Shrewsberry, Stephen Sanger, and Mary
8  Mack.

9      1.14    "Individual Defendant" means Timothy J. Sloan.

10      1.15    "Investment Vehicle" means any investment company or pooled investment fund,
11  including but not limited to mutual fund families, exchange-traded funds, funds of funds, private
12  equity funds, real estate funds, and hedge funds, as to which Wells Fargo or any affiliate of Wells
13  Fargo acts or acted as an investment advisor but of which Wells Fargo or any affiliate of Wells
14  Fargo is not a majority owner or does not hold a majority beneficial interest.  This definition of
15  Investment Vehicle does not bring Wells Fargo itself into the Settlement Class.

16      1.16    "Judgment" means the proposed judgment to be entered by the Court approving the
17  Settlement, substantially in the form attached hereto as Exhibit B.[1]

18      1.17    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

19      1.18    "Lead Plaintiff" means Construction Laborers Pension Trust for Southern
20  California.

21      1.19    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded
22  attorneys' fees and expenses and any award to Lead Plaintiff; (ii) Notice and Administration
23  Expenses (defined in ¶2.7); (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses
24  approved by the Court.

25      1.20    "Notice" means the Notice of Proposed Settlement of Class Action to be sent to
26  Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

27
─────────────────────
28  [1]    All "Exhibits" cited and referenced to herein are attached to this Stipulation.

1.21 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.22 "Plan of Allocation" means the plan of allocation of the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.23 "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4.

1.24 "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.25 "Proof of Claim" or "Claim Form" means the form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.26 "Related Persons" means, with respect to defendant Wells Fargo, each and all of its present or former parents, subsidiaries, affiliates, predecessors, divisions, joint ventures, agents, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, auditors, accountants, financial advisors, commercial bank lenders, insurers, co-insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, controlling shareholders, and assigns of each or any of them or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and any entity in which any such Defendant has a controlling interest. With respect to defendant Sloan and the Former Defendants, "Related Persons" means each and all of his respective present or former affiliates, successors and assigns, attorneys, accountants, agents, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which

1   defendant Sloan is the settlor or which is for the benefit of defendant Sloan and any entity in which

2   defendant Sloan has a controlling interest.

3       1.27    "Released Claims" means any and all claims, debts, rights, and causes of action or

4   liabilities of every nature and description, including any claims for damages, interest, attorneys'

5   fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether

6   known claims or Unknown Claims, whether arising under federal, state, local, statutory, common,

7   or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-

8   accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or

9   individual in nature, that both: (i) concern, arise out of, relate to, or are based upon the purchase

10  or acquisition of Wells Fargo common stock during the Class Period; and (ii) were asserted or

11  could have been asserted in this Action by Lead Plaintiff or any other member of the Class against

12  any of the Released Defendant Parties and that arise out of or relate in any way to any of the

13  allegations, transactions, facts, matters or occurrences, representations or omissions involved, set

14  forth, or referred to in the Complaint.  Notwithstanding the foregoing, "Released Claims" does not

15  include claims relating to the enforcement of the Settlement or claims that could be brought in any

16  derivative or ERISA action based on similar allegations.

17      1.28    "Released Defendant Parties" means each and all of the Defendants and Former

18  Defendants, and each and all of their Related Persons.

19      1.29    "Released Defendants' Claims" means all claims and causes of action of every

20  nature and description, including both known claims and Unknown Claims, whether arising under

21  federal, state, common or foreign law, or any other law, that Defendants could have asserted

22  against any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that

23  arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the

24  Action, except for claims relating to the enforcement of the Settlement.

25      1.30    "Released Parties" means the Released Defendant Parties and the Released Plaintiff

26  Parties.

27      1.31    "Released Plaintiff Parties" means Lead Plaintiff, each and every Class Member,

28  Lead Counsel, and each of their respective past or present trustees, officers, directors, partners,

employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

1.32    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.33    "Settlement Amount" means Three Hundred Million U.S. Dollars ($300,000,000.00) in cash.

1.34    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.35    "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair, reasonable, adequate, and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and an award to Lead Plaintiff should be approved.

1.36    "Settling Parties" means Lead Plaintiff, on behalf of itself, the Class, and Defendants.

1.37    "Stipulation" means this Stipulation of Settlement.

1.38    "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.39    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.40    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.41    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Cal. Civ. Code §1542.  Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    In full settlement of the Released Claims, Wells Fargo shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than the earlier of ten (10) business days following preliminary approval of the Settlement by the Court, or March 22,

2023 (the "Payment Date").  Lead Plaintiff shall provide all payment and related tax information that is required for Wells Fargo to cause the Settlement Amount to be transferred to the Escrow Account at least five (5) business days before the Payment Date.  The Settlement Amount transferred to the Escrow Account, together with any interest and income earned thereon, shall constitute the Settlement Fund.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

**b.      The Escrow Agent**

2.3     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4     The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in the Stipulation; (ii) by an order of the Court; or (iii) with the written agreement of counsel for the Settling Parties.

2.5     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time

1    as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further

2    order(s) of the Court.

3         2.7    Notwithstanding that the Effective Date of the Settlement has not yet occurred, up

4    to $500,000.00 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and

5    expenses actually incurred in connection with providing notice to the Class, locating Class

6    Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim,

7    administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and

8    paying escrow fees and costs, if any ("Notice and Administration Expenses").  For the avoidance

9    of doubt, the Notice and Administration Expenses are part of the Settlement Amount.  In the event

10   that the Settlement is not consummated, money actually paid or incurred for this purpose, including

11   any related fees, up to $500,000.00, shall not be repaid or returned.  Following the Effective Date,

12   Lead Counsel may pay from the escrow account, without further approval from Defendants or

13   further order of the Court, all Notice and Administration Expenses.

14                  **c.    Taxes**

15        2.8    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times

16   a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition,

17   the Escrow Agent shall timely make such elections as necessary or advisable to carry out the

18   provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation

19   §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with

20   the procedures and requirements contained in such regulations.  It shall be the responsibility of the

21   Escrow Agent to timely and properly prepare and deliver the necessary documentation for

22   signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

23                  (b)    For purposes of §1.468B of the Internal Revenue Code of 1986, as amended,

24   and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The

25   Escrow Agent shall timely and properly file all informational and other tax returns necessary or

26   advisable with respect to the Settlement Fund (including, without limitation, the returns described

27   in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a)

28   hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any

estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)    All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); the Released Defendant Parties are not responsible, nor shall they have any liability, therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

### d.    Termination of Settlement

2.9    In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded

1    pursuant to ¶¶6.2 and 7.3 and written instructions from Defendants' Counsel to the party, parties

2    or insurers that paid the Settlement Amount within twenty-one (21) calendar days from the date of

3    the notice from Defendants' Counsel pursuant to ¶7.3.

4        **3.        Preliminary Approval Order and Settlement Hearing**

5        3.1    Promptly after execution of the Stipulation, Lead Plaintiff shall submit the

6    Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the

7    "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement

8    set forth in the Stipulation and approval for the emailing and mailing of the Postcard Notice and

9    publication of the Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached

10   hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the

11   Notice which shall contain the general terms of the Settlement set forth in the Stipulation, the

12   proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date

13   of the Settlement Hearing.

14       3.2    Lead Plaintiff shall request that, after notice is given to the Class, the Court hold

15   the Settlement Hearing and approve the Settlement of the Action as set forth herein.  At or after

16   the Settlement Hearing, Lead Plaintiff also shall request that the Court approve the proposed Plan

17   of Allocation and the Fee and Expense Application.

18       **4.        Releases**

19       4.1    Upon the Effective Date, Lead Plaintiff and each of the Class Members (excluding

20   those who have validly opted out of the Class), on behalf of themselves, and each of their

21   respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries,

22   affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their

23   capacities as such, and any other Person or entity legally entitled to bring Released Claims on

24   behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and

25   of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved,

26   relinquished, waived, and discharged against the Released Defendant Parties (whether or not such

27   Class Members execute and deliver a Proof of Claim) any and all Released Claims (including,

28   without limitation, Unknown Claims).

4.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim, shall forever be permanently barred and enjoined from the institution, commencement, maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).

4.3     The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

4.4     Upon the Effective Date, Defendants shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

4.5     Notwithstanding ¶¶4.1-4.4, nothing herein or in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the

Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2    Within seven (7) calendar days after the Court enters the Preliminary Approval Order, Wells Fargo shall provide Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiff or the Class, any additional record shareholder lists, not already provided in connection with notice of pendency, including records held by Wells Fargo's transfer agent, as appropriate for providing notice of proposed Settlement to the Class.  The Settling Parties shall determine an appropriate electronic format for provision of this information.

5.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be emailed (or mailed in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c)    to pay, to the extent allowed by the Court, Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); and

(d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as

1   may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to

2   Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

3        5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to

4   the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2

5   attached hereto, electronically submitted or postmarked by no later than ninety (90) calendar days

6   after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set

7   by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents

8   as are specified in the Proof of Claim and as are reasonably available to such Person.

9        5.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a

10  Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who

11  submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments

12  pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be

13  subject to and bound by the provisions of the Stipulation, the releases contained herein, and the

14  Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the

15  obligation) to accept late-submitted claims for processing so long as the distribution of the Net

16  Settlement Fund to Authorized Claimants is not materially delayed thereby.

17       5.8     The Claims Administrator shall calculate the claims of Authorized Claimants in

18  accordance with the Plan of Allocation set forth in the Notice and approved by the Court.

19  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant

20  his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will

21  receive at least $10.00.

22       5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If

23  there is any balance remaining in the Net Settlement Fund after a reasonable amount of time

24  following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if

25  feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to

26  them in the initial distribution and who would receive at least $10.00 in an equitable and

27  economical fashion.  These reallocations shall be repeated until the balance remaining in the Net

28

1   Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor

2   Protection Trust.

3        5.10    The Released Defendant Parties shall have no responsibility for, interest in, or

4   liability whatsoever with respect to the processing, review, determination, or calculation of any

5   claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or

6   withholding of Taxes, or any losses incurred in connection therewith.

7        5.11    It is understood and agreed by the Settling Parties that any proposed Plan of

8   Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

9   Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

10  by the Court separately from the Court's consideration of the fairness, reasonableness, and

11  adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the

12  Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of

13  the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other

14  orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the

15  terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of

16  Allocation.

17       5.12    No Person shall have any claim against Lead Plaintiff, the Class, Lead Counsel,

18  Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on

19  distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan

20  of Allocation, or otherwise as further ordered by the Court.

21       **6.      Lead Counsel's Attorneys' Fees and Expenses**

22       6.1     Lead Counsel may submit an application or applications (the "Fee and Expense

23  Application") for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with

24  prosecuting the Action; plus (iii) any interest on such attorneys' fees and expenses at the same rate

25  and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

26  Court.  Any and all such fees, expenses, and costs awarded by the Court shall be payable solely

27  out of the Settlement Fund.  In addition, Lead Plaintiff may submit an application for an award

28

from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4     Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Lead Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.1.

7. **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiff and other Class Members, and as against Defendants, as set forth above; and

(e)     the Judgment has become Final, as defined in ¶1.12 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Wells Fargo's Counsel to the party, parties or insurers that paid the Settlement Amount.  At the request of Wells Fargo's Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Wells Fargo's Counsel to the party, parties or insurers that paid the Settlement Amount.

1        7.4     In the event that the Stipulation is not approved by the Court or the Settlement set

2 forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

3 Settling Parties shall be restored to their respective positions in the Action as of December 21,

4 2022.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.41,

5 2.7-2.8, 7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling

6 Parties and shall not be used in this Action or in any other proceeding for any purpose, and any

7 Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be

8 treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status

9 as of December 21, 2022.  No order of the Court or modification or reversal on appeal of any such

10 order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and

11 expenses, interest, or other payment awarded by the Court to Lead Counsel shall constitute grounds

12 for cancellation or termination of the Stipulation.

13        7.5     Defendants warrant and represent that, as of the time this Stipulation is executed

14 and as of the time the Settlement Amount is actually transferred or made as reflected in this

15 Stipulation, it is not "insolvent" within the meaning of 11 U.S.C. §101(32).   If, before the

16 Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any

17 similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy,

18 or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction

19 determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of

20 any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and

21 any portion thereof is required to be returned, and such amount is not promptly deposited with the

22 Escrow Agent by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly

23 move the Court to vacate and set aside the release given and the Judgment entered in favor of

24 Defendants and that Defendants and Lead Plaintiff and the members of the Class shall be restored

25 to their litigation positions as of December 21, 2022.

26

27

28

1

**8.      Miscellaneous Provisions**

2      8.1      The Settling Parties: (i) acknowledge that it is their intent to consummate this

3 Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and

4 implement all terms and conditions of the Stipulation and to exercise their best efforts to

5 accomplish the foregoing terms and conditions of the Stipulation expeditiously.

6      8.2      The Settling Parties intend this Settlement to be a final and complete resolution of

7 all disputes between them with respect to the Action.  The Settlement shall not be deemed an

8 admission by any Settling Party or any of the Released Parties as to the merits of any claim or

9 defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any

10 violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution,

11 defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling

12 Parties and their counsel complied with the requirements of Rule 11 of the Federal Rules of Civil

13 Procedure with respect to the institution, prosecution, defense, and resolution of the Action.  The

14 Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the

15 Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a

16 settlement that was reached voluntarily after consultation with competent legal counsel.  The

17 Settling Parties reserve their right to rebut, in a manner that such party determines to be

18 appropriate, any contention made in any public forum regarding the Action, including that the

19 Action was brought or defended in bad faith or without a reasonable basis.

20      8.3      Neither the Stipulation nor the Settlement contained herein, nor any act performed

21 or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or

22 may be deemed to be or may be used as an admission of, or evidence of, the validity of any

23 Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or

24 may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of

25 any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an

26 admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount

27 recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative

28 proceeding in any court, administrative agency, or other tribunal.  The Released Defendant Parties

may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

8.4    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8    No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.9    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein each Settling Party shall bear its own costs.

8.10    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits.  Nor shall the Settlement be conditional upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third-parties.

8.11    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.12    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.13    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Counsel:

       Spencer A. Burkholz
       Scott H. Saham
       Robbins Geller Rudman & Dowd LLP
       655 West Broadway, Suite 1900
       San Diego, CA 92101

If to Defendant Wells Fargo or to Defendant Wells Fargo's Counsel:

       Brendan P. Cullen
       Sullivan & Cromwell LLP
       1870 Embarcadero Road
       Palo Alto, CA 94303

       Christopher M. Viapiano
       Sullivan & Cromwell LLP
       1700 New York Avenue, N.W.
       Suite 700
       Washington, D.C. 20006

If to Defendant Sloan or Defendant Sloan's Counsel:

       Josh A. Cohen
       Clarence Dyer & Cohen LLP
       899 Ellis Street
       San Francisco, CA 94109

8.16    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.19    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.20    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and

1  the rights and obligations of the parties to the Stipulation shall be construed and enforced in
2  accordance with, and governed by, the internal, substantive laws of the State of California, without
3  giving effect to that State's choice-of-law principles.

4       8.21   This Stipulation shall not be construed more strictly against one party than another
5  merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of
6  the Settling Parties, it being recognized that it is the result of arm's-length negotiations between
7  the Settling Parties and the Settling Parties have contributed substantially and materially to the
8  preparation of this Stipulation.

9       IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,
10  by their duly authorized attorneys, on February 6, 2023.

11                                  ROBBINS GELLER RUDMAN
                                        & DOWD LLP
12                                  SPENCER A. BURKHOLZ
                                JASON A. FORGE
13                                  SCOTT H. SAHAM
                                LUCAS F. OLTS
14                                  ASHLEY M. KELLY
                                KEVIN S. SCIARANI
15                                  ERIKA L. OLIVER

16

17                                          SCOTT H. SAHAM

18
19                                 655 West Broadway, Suite 1900
                               San Diego, CA 92101
20                                 Telephone: 619/231-1058
                               619/231-7423 (fax)

21                                 ROBBINS GELLER RUDMAN
                               & DOWD LLP
22                                 JASON C. DAVIS
                               Post Montgomery Center
23                                 One Montgomery Street, Suite 1800
                               San Francisco, CA 94104
24                                 Telephone: 415/288-4545
                               415/288-4534 (fax)
25
                               Attorneys for Lead Plaintiff
26
27
28

1

2     SULLIVAN & CROMWELL LLP
      BRENDAN P. CULLEN

3

4     _____
                BRENDAN P. CULLEN

5

6     1870 Embarcadero Road
      Palo Alto, CA 94303-3308
      Telephone: 650/461-5600

7     650/461-5700 (fax)

8     CHRISTOPHER M. VIAPIANO
      SULLIVAN & CROMWELL LLP

9     1700 New York Avenue, N.W., Suite 700
      Washington, D.C. 20006
      Telephone: 202/956-7500

10

11    Attorneys for Defendant Wells Fargo &Co.

12    CLARENCE DYER & COHEN LLP
      JOSH A. COHEN

13

14    _____
                JOSH A. COHEN

15

16    899 Ellis Street
      San Francisco, CA 94109
      Telephone: 415/749-1800

17    415/749-1694 (fax)

18    Attorneys for Defendant Timothy Sloan

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

2      I, Scott H. Saham, am the ECF user whose identification and password are being used to

3   file the Stipulation of Settlement.  Pursuant to Local Rule 5-1(h)(3) and in compliance with General

4   Order No. 45 X.B., I hereby attest that Brendan P. Cullen and Josh A. Cohen have concurred in

5   this filing.

6   Dated:  February 6, 2023

7                                                           s/ SCOTT H. SAHAM
                                                         SCOTT H. SAHAM
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4894-0359-0214.v6

EXHIBIT A

1   ROBBINS GELLER RUDMAN
       & DOWD LLP
2   SPENCER A. BURKHOLZ (147029)
    JASON A. FORGE (181542)
3   SCOTT H. SAHAM (188355)
    LUCAS F. OLTS (234843)
4   ASHLEY M. KELLY (281597)
    KEVIN S. SCIARANI (301411)
5   ERIKA L. OLIVER (306614)
    655 West Broadway, Suite 1900
6   San Diego, CA  92101
    Telephone:  619/231-1058
7   619/231-7423 (fax)
    spenceb@rgrdlaw.com
8   jforge@rgrdlaw.com
    scotts@rgrdlaw.com
9   lolts@rgrdlaw.com
    akelly@rgrdlaw.com
10  ksciarani@rgrdlaw.com
    eoliver@rgrdlaw.com
11       – and –
    JASON C. DAVIS (253370)
12  Post Montgomery Center
    One Montgomery Street, Suite 1800
13  San Francisco, CA  94104
    Telephone:  415/288-4545
14  415/288-4534 (fax)
    jdavis@rgrdlaw.com
15
    Attorneys for Lead Plaintiff
16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
    PURPLE MOUNTAIN TRUST, Individually )   Case No. 3:18-cv-03948-JD
19  and on Behalf of All Others Similarly Situated, )
                                          )   CLASS ACTION
20                       Plaintiff,       )
                                          )   [PROPOSED] ORDER PRELIMINARILY
21        vs.                             )   APPROVING SETTLEMENT AND
                                          )   PROVIDING FOR NOTICE
22  WELLS FARGO & COMPANY, et al.,        )
                                          )   EXHIBIT A
23                       Defendants.      )
                                          )
24
25
26
27
28

4857-5215-7001.v3

1    WHEREAS, an action is pending before this Court entitled *Purple Mountain Tr. v. Wells*

2  *Fargo & Co., et al.*, No. 3:18-cv-03948-JD (N.D. Cal.) (the "Action");

3    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

4  Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance

5  with a Stipulation of Settlement dated February 6, 2023 (the "Stipulation"), which, together with the

6  Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action

7  and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

8  the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

9    WHEREAS, unless otherwise defined, all capitalized terms used herein have the same

10  meanings as set forth in the Stipulation.

11    NOW, THEREFORE, IT IS HEREBY ORDERED:

12    1.    After a preliminary review, the Settlement appears to be fair, reasonable, and

13  adequate.  The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced

14  mediator; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide

15  undue preferential treatment to Lead Plaintiff or to segments of the Class;[1] (iv) does not provide

16  excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible

17  approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of

18  the Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the

19  Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement

20  Hearing described below.

21    2.    A hearing (the "Settlement Hearing") shall be held before this Court on _____,

22  2023, at _:__ _.m. [a date that is at least 100 days from the date of this Order], at the United States

23  District Court for the Northern District of California, Phillip Burton Federal Building & United

24

25  _____

[1]    The "Class" is defined as all Persons and entities who purchased or otherwise acquired the
26  common stock of Wells Fargo during the period from November 3, 2016 through August 3, 2017
inclusive, and were damaged thereby.  Excluded from the Class are Defendants, present or former
27  executive officers of Wells Fargo and their immediate family members (as defined in 17 C.F.R.
§229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Notwithstanding the foregoing exclusions, no
28  Investment Vehicle shall be excluded from the Settlement Class.  Stipulation, ¶1.4.

1    States Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102,

2    for the following purposes:

　　　　　a.　　to determine whether the Settlement is fair, reasonable, and adequate, and

　　　　　　　　should be approved by the Court;

　　　　　b.　　to finally determine whether Judgment as provided under the Stipulation

　　　　　　　　should be entered, dismissing the Complaint on the merits and with

　　　　　　　　prejudice, and to determine whether the release by the Class of the Released

　　　　　　　　Defendant Parties as set forth in the Stipulation, should be ordered, along

　　　　　　　　with a permanent injunction barring efforts to bring any Released Claims or

　　　　　　　　Released Defendants' Claims extinguished by the Settlement;

　　　　　c.　　to finally determine whether the proposed Plan of Allocation for the

　　　　　　　　distribution of the Net Settlement Fund is fair and reasonable and should be

　　　　　　　　approved by the Court;

　　　　　d.　　to consider the application of Lead Counsel for an award of attorneys' fees

　　　　　　　　and expenses;

　　　　　e.　　to consider Class Members' objections to the Settlement, Plan of Allocation,

　　　　　　　　or application for fees and expenses; and

　　　　　f.　　to rule upon such other matters as the Court may deem appropriate.

　　　　3.　　The Court may adjourn the Settlement Hearing without further notice to the members

of the Class, and reserves the right to approve the Settlement with such modifications as may be

agreed upon or consented to by the Settling Parties and without further notice to the Class where to

do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal

Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter its

Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice,

regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and

expenses.

　　　　4.　　The Court approves, as to form and content, the Notice of Proposed Settlement of

Class Action (the "Notice"), the Proof of Claim Form (the "Proof of Claim"), the Summary Notice,

1   and the Postcard Notice, annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds

2   that the distribution of the Postcard Notice by email or regular mail (where an email is unavailable)

3   and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-8 of

4   this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due

5   process, and is the best notice practicable under the circumstances and shall constitute due and

6   sufficient notice to all Persons entitled thereto.

7         5.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

8   supervise and administer the notice procedure as well as the processing of claims as more fully set

9   forth below.

10        6.      Wells Fargo shall provide, or cause to be provided, to Lead Counsel or the Claims

11   Administrator, at no cost to Lead Plaintiff, the Settlement Fund, Lead Counsel, or the Claims

12   Administrator, within seven (7) calendar days after the Court enters this Order, documentation or

13   data in the possession of Wells Fargo or its present or former stock transfer agents sufficient to

14   identify to the extent available any additional record holders of Wells Fargo common stock during

15   Class Period, and their last known addresses, email addresses (if available), or other similar

16   information, not already provided in connection with notice of pendency.  The Settling Parties shall

17   determine an appropriate electronic format for provision of this information.

18        7.      Lead Counsel, through the Claims Administrator, shall commence emailing or

19   mailing (where an email is unavailable) the Postcard Notice, substantially in the form annexed

20   hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), by

21   email or by first-class mail to all Class Members who can be identified with reasonable effort.

22   Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator

23   shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on

24   the Settlement website at www.WellsFargo2018SecuritiesLitigation.com, from which copies of the

25   documents can be downloaded.

26        8.      Not later than seven (7) calendar days after the Notice Date, the Claims Administrator

27   shall cause the Summary Notice to be published once in the national edition of *The Wall Street

28   Journal* and once over a national newswire service.

9.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing, mailing and publishing.

10.    Nominees who purchased or acquired Wells Fargo common stock for the beneficial ownership of Class Members during the Class Period shall: (i) within seven (7) calendar days of receipt of the Postcard Notice request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Notice Packet to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

11.    In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

a.    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b.  The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c.  Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d.  For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

12.   Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel shall have

1  the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims

2  Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not

3  materially delayed thereby, but will bear no liability for failing to accept such late claims.

4      13.    Any member of the Class may enter an appearance in the Action, at their own

5  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

6  they will be represented by Lead Counsel.

7      14.    All Class Members shall be bound by all determinations and judgments in this

8  Action, whether favorable or unfavorable, unless such persons requested to be excluded, or "opted

9  out," from the Class.  A Class Member wishing to be excluded from the Class had to submit to the

10  Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or

11  otherwise hand-deliver it, such that it was received no later than January 26, 2023, to the address

12  listed in the notice of class certification disseminated pursuant to the Court's Order Approving

13  Amended Proposal for Dissemination of Notice to the Class (ECF 219).  All Persons who submitted

14  valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights

15  under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be

16  bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court, any Class

17  Member who did not submit a valid and timely written request for exclusion as provided by this

18  paragraph shall be bound by the Stipulation.

19      15.    The Court will consider comments or objections to the Settlement, the Plan of

20  Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such

21  comments or objections and any supporting papers are submitted to the Court either by mailing them

22  to the Clerk of the Court, United States District Court for the Northern District of California, 450

23  Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the

24  United States District Court for the Northern District of California.  Such comments or objections

25  must be filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing,

26  or _____, 2023.  Attendance at the Settlement Hearing is not necessary, but any Person

27  wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application

28  for attorneys' fees and expenses is required to indicate in their written objection whether they intend

to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Wells Fargo common stock that the objecting Person: (i) owned as of the opening of trading on November 3, 2016, and (ii) purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must identify all other class action settlements the objector and his, her or its counsel has previously objected to, copies of any papers, briefs, or other documents upon which the objection is based, and contain the objector's signature, even if represented by counsel. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel unless otherwise ordered by the Court.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2023.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2023.

18.     The Released Defendant Parties shall have no responsibility, interest in, or liability whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal

1  or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the

2  finality of the Judgment approving the Stipulation and the settlement of the Action.

3     19. At or after the Settlement Hearing, the Court shall determine whether the Plan of

4  Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of

5  expenses shall be approved.

6     20. All reasonable expenses incurred in identifying and notifying Class Members, as well

7  as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

8     21. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

9  or proceedings connected with it, shall be construed as an admission or concession by the

10  Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or

11  wrongdoing of any kind.

12     22. If the Stipulation and the Settlement set forth therein is not approved or consummated

13  for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection

14  therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in

15  the Stipulation.

16     23. Pending final determination of whether the proposed Settlement should be approved,

17  neither the Lead Plaintiff, nor any Class Member, directly or indirectly, representatively, or in any

18  other capacity, shall institute, commence, or prosecute against any of the Released Defendant

19  Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released

20  Claims.

21     24. The Court's orders entered during this Action relating to the confidentiality of

22  information shall survive this Settlement.

23     IT IS SO ORDERED.

24  DATED: _____

25                 THE HONORABLE JAMES DONATO
               UNITED STATES DISTRICT JUDGE

26

27

28

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SPENCER A. BURKHOLZ (147029)
    JASON A. FORGE (181542)
3   SCOTT H. SAHAM (188355)
    LUCAS F. OLTS (234843)
4   ASHLEY M. KELLY (281597)
    KEVIN S. SCIARANI (301411)
5   ERIKA L. OLIVER (306614)
    655 West Broadway, Suite 1900
6   San Diego, CA  92101
    Telephone:  619/231-1058
7   619/231-7423 (fax)
    spenceb@rgrdlaw.com
8   jforge@rgrdlaw.com
    scotts@rgrdlaw.com
9   lolts@rgrdlaw.com
    akelly@rgrdlaw.com
10  ksciarani@rgrdlaw.com
    eoliver@rgrdlaw.com
11        – and –
    JASON C. DAVIS (253370)
12  Post Montgomery Center
    One Montgomery Street, Suite 1800
13  San Francisco, CA  94104
    Telephone:  415/288-4545
14  415/288-4534 (fax)
    jdavis@rgrdlaw.com
15
    Attorneys for Lead Plaintiff
16
                        UNITED STATES DISTRICT COURT
17
                      NORTHERN DISTRICT OF CALIFORNIA
18
19  PURPLE MOUNTAIN TRUST, Individually   )   Case No. 3:18-cv-03948-JD
    and on Behalf of All Others Similarly Situated, )
20                                        )   CLASS ACTION
                      Plaintiff,          )
21                                        )   NOTICE OF PROPOSED SETTLEMENT OF
          vs.                             )   CLASS ACTION
22                                        )
    WELLS FARGO & COMPANY, et al.,        )   EXHIBIT A-1
23                                        )
                      Defendants.         )
24  _____  )

25

26

27

28

4894-9793-2873.v4

1

***<u>A Federal Court Authorized This Notice.  This Is Not a Solicitation from a Lawyer.</u>***

2

3

4

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or acquired the common stock of Wells Fargo & Company ("Wells Fargo" or the "Company") between November 3, 2016 and August 3, 2017, inclusive (the "Class Period").**

5

6

**NOTICE OF SETTLEMENT:  Please also be advised that lead plaintiff Construction Laborers Pension Trust for Southern California ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $300 million in cash that will resolve all claims in the Action (the "Settlement").**

7

8

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

9

10

11

12

13

14

15

1.    **<u>Description of the Action and the Class</u>**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against the following defendants: Wells Fargo and Timothy J. Sloan ("Defendants") (collectively, with Lead Plaintiff, the "Settling Parties").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all Persons and entities who purchased or otherwise acquired the common stock of Wells Fargo during the period from November 3, 2016 through August 3, 2017 inclusive, and were damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of Wells Fargo and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).  Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class.  Anyone who previously validly excluded themselves from the class certified by the Court is not a member of the Settlement Class.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-888-416-6687.

16

17

18

19

20

21

22

2.    **<u>Statement of Class's Recovery</u>**:  Subject to Court approval, and as described more fully in ¶¶3-6 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all Released Claims (as defined in ¶47 below) against Defendants and other Released Defendant Parties (as defined in ¶49 below) in exchange for a settlement payment of $300 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class.  The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

23

24

25

26

27

28

3.    **<u>Statement of Average Distribution Per Share</u>**:  The Settlement Fund consists of the $300 million Settlement Amount plus interest earned.  Assuming all potential Class Members elect to participate, the estimated average recovery is $0.66 per damaged share before fees and expenses.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.     **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiff and/or the Class and that Lead Plaintiff or other members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages if Lead Plaintiff was to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (iii) all or part of the damages allegedly suffered by members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Counsel's litigation expenses (reasonable expenses or charges of Lead Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $2 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.17.  In addition, Lead Counsel will apply for an award to Lead Plaintiff Construction Laborers Pension Trust for Southern California in an amount not to exceed $15,000.00 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

6.     **Identification of Attorneys' Representatives**:  Lead Plaintiff and the Class are being represented by Robbins Geller Rudman & Dowd LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to Scott H. Saham at Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 2023 | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim Form"), postmarked no later than _____ __, 2023. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *RECEIVED* NO LATER THAN [_____], 2023 | Write to the Court about your view on the Settlement, or why you do not think the Settlement is fair to the Class.<br><br>If you did not exclude yourself from the Class by January 26, 2023, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |

| | |
|---|---|
| GO TO THE HEARING ON [          ], 2023, AT    :    .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS **_RECEIVED_** NO LATER THAN [_____], 2023 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About?  What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Lead Plaintiff's Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page ___ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page ___ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page ___ |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page |

## WHY DID I GET THIS NOTICE

7.     The purpose of this Notice is to inform you about: (i) this Action, (ii) the terms of the proposed Settlement, and (iii) your rights in connection with a hearing to be held before the United States District Court, Northern District of California (the "Court"), on _____, 2023, at_____ .m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.   This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. In the Action, the Court has certified the Class and appointed Lead Plaintiff Construction Laborers Pension Trust for Southern California as the representative of the Class and Lead Counsel as Class Counsel.

9.     The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as _Purple Mountain Tr. v. Wells Fargo & Co., et al.,_ No. 3:18-cv-03948-JD (N.D. Cal.).  The judge presiding over this case is the Honorable James Donato, United States District Judge.  The people who are suing are called Lead Plaintiff, and those who are being sued are called defendants.  In this case, the Defendants are Wells Fargo and

Timothy J. Sloan.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected.  It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on _____, 2023, at _____ _.m., before the Honorable James Donato, at the United States District Court, Northern District of California, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation of Settlement dated February 6, 2023 (the "Stipulation") should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.     Lead Plaintiff alleges that during the period between November 3, 2016 and August 3, 2017, Defendants made materially false or misleading statements in violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, which caused the price of Wells Fargo stock to trade at artificially inflated prices. Specifically, Lead Plaintiff alleges that Wells Fargo concealed that it improperly force placed unneeded Collateral Protection Insurance ("CPI") on hundreds of thousands of its customers and failed to refund unearned guaranteed auto protection ("GAP") premiums to tens of thousands of customers, causing more than 20,000 of its customers to have their cars repossessed.  Lead Plaintiff further alleges that the Company knew of these issues but never disclosed them to investors or the public.  Lead Plaintiff alleges that the facts did not come to light until they were

published by the *New York Times* in July of 2017. Lead Plaintiff alleges that persons who purchased Wells Fargo stock during the Class Period suffered economic losses when the price of Wells Fargo stock declined as a result of two alleged corrective disclosures that revealed the CPI and GAP issues to investors.

14.    On August 31, 2018, Lead Plaintiff filed its Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint"). On November 2, 2018, Defendants moved to dismiss this Complaint, which was opposed by Lead Plaintiff. On January 1, 2020, the Court entered an order granting in part and denying in part the motion to dismiss. Defendants answered the Complaint on February 28, 2020.

15.    The Parties conducted extensive discovery which included the exchange of more than 505,000 pages of documents, 19 fact witness depositions and 152 pages of admissions and sworn interrogatory responses. On October 15, 2020, Lead Plaintiff moved to certify the class. Following full briefing, on August 15, 2022, the Court granted the motion. Notice of Pendency was emailed and mailed (where no email was available) to the Class beginning on November 18, 2022.

16.    On January 14, 2022, Defendants moved for summary judgment. Defendants also moved to exclude or strike portions of the testimony of all Plaintiff's experts. Lead Plaintiff filed its oppositions to each of these motions on February 23, 2022. The Parties also engaged in extensive meet and confer discussions regarding the scope of admissible evidence at trial, and the Parties began briefing motions *in limine*. The Parties, among other things, also exchanged trial exhibits and began preparing deposition designations, proposed jury instructions, and verdict forms.

17.    In the course of the Action, the Settling Parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator. The Settling Parties engaged in settlement discussions with Judge Phillips on multiple occasions and ultimately an agreement was reached to settle the Litigation for $300 million.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

18.    If you are a member of the Class, you are subject to the Settlement unless you timely requested to be excluded. The Class consists of all Persons and entities who purchased or otherwise acquired the common stock of Wells Fargo during the period from November 3, 2016 through August 3, 2017 inclusive, and were damaged thereby. Excluded from the Class are Defendants, present or former executive officers of Wells Fargo and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-888-416-6687.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE

SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 2023.  YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT   WWW.WELLSFARGO2018SECURITIESLITIGATION.COM   BY [_____], 2023.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

19.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiff and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, in particular, the risk that the pending motion for summary judgment would be granted and the risk, among others, that Lead Plaintiff would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Class.

20.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $300 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after resolution of Defendants' pending summary judgment motion, trial and appeals, possibly years in the future.

21.    Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff and the Class have suffered any damage, that Lead Plaintiff or the Class was harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of the alleged claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

23.    Defendants have agreed to cause to be paid Three Hundred Million Dollars

($300,000,000.00) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Lead Plaintiff has proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Proof of Claim Forms.  The Plan of Allocation proposed by Lead Plaintiff is set forth below, and additional information is available on the case-specific website, www.WellsFargo2018SecuritiesLitigation.com.

24.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

25.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

26.     The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

27.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, with respect to his, her, or its Claim Form.

28.     Persons and entities that excluded themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

## PLAN OF ALLOCATION

29.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the potential amount of estimated alleged artificial inflation in Wells Fargo common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered the market and industry adjusted price changes in Wells Fargo's stock price following certain corrective disclosures regarding Wells Fargo and the allegations in the Complaint.

30.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover

1
2
3

after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

4
5
6

31.     In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Wells Fargo common stock.  In this case, Lead Plaintiff alleges that corrective information was released to the market after the close of trading on July 27, 2017 and August 4, 2017.

7
8

32.     In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Wells Fargo common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one of the corrective disclosures.[1]

9

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

10
11
12
13

33.     Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Wells Fargo common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

14
15

34.     For each share of Wells Fargo common stock purchased or otherwise acquired from November 3, 2016 through August 3, 2017, and:

16

(a)     Sold prior to the close of trading on July 27, 2017, the Recognized Loss Amount will be $0.00;

17
18

(b)     Sold from July 28, 2017 through August 3, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table A below); or (ii) the purchase price minus the sale price; and

19
20
21
22

(c)     Sold from August 4, 2017 through and including the close of trading on November 1, 2017, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table A below); (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between August 4, 2017 and the date of sale as stated in Table B at the end of this Notice; and

23
24
25

(d)     Held as of the close of trading on November 1, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table A below); or (ii) the purchase price minus $53.26, the average closing price for Wells Fargo common stock between August 4, 2017 and November 1, 2017 (the last entry on Table B at the

26
27
28

[1]    Any transactions in Wells Fargo common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

end of this Notice).[2]

## **ADDITIONAL PROVISIONS**

35.    The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

36.    If a Class Member has more than one purchase/acquisition or sale of Wells Fargo common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

37.    A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts.

38.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that claimant.

39.    Purchases or acquisitions and sales of Wells Fargo common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Wells Fargo common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Wells Fargo common stock  for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Wells Fargo common stock unless: (i) the donor or decedent purchased or otherwise acquired such Wells Fargo common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

40.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Wells Fargo common stock.  The date of a "short sale" is deemed to be the date

---

[2]    Under §21(D)(e)(1) of the Exchange Act, "in any private action arising under this [Act] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Wells Fargo common stock during the 90-day look-back period.  The mean (average) closing price for Wells Fargo common stock during this 90-day look-back period was $53.26.

of sale of the Wells Fargo common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Wells Fargo common stock, the earliest Class Period purchases or acquisitions of Wells Fargo common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

41.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Wells Fargo common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

42.     If a claimant had a market gain with respect to their overall transactions in Wells Fargo common stock during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to their overall transactions in Wells Fargo common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain with respect to their overall transactions in Wells Fargo common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between: (i) the Total Purchase Amount;[3] and (ii) the sum of the Total Sales Proceeds[4] and Holding Value.[5]  This difference will be deemed a claimant's market gain or loss with respect to their overall transactions in Wells Fargo common stock during the Class Period.

43.     After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net

---

[3]     The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Wells Fargo common stock purchased or acquired during the Class Period.

[4]     The Claims Administrator will match any sales of Wells Fargo common stock from the start of the Class Period through and including the close of trading on August 3, 2017 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Wells Fargo common stock sold from the start of the Class Period through and including the close of trading on August 3, 2017 will be the "Total Sales Proceeds."

[5]     The Claims Administrator will ascribe a value of $52.84 per share for Wells Fargo common stock purchased or acquired during the Class Period and still held as of the close of trading on August 3, 2017 (the "Holding Value").

Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust.

44.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. The Lead Plaintiff, and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

45.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

**TABLE A**

**Inflation Decline Per Date of Purchase and Date of Sale**

| | Sale Date | | |
|---|---|---|---|
| Purchase Date | 11/3/2016 - 7/27/2017 | 7/28/2017 - 8/3/2017 | Sold on or Retained Beyond 8/4/2017 |
| 11/3/2016 - 7/27/2017 | $0.00 | $1.39 | $2.16 |
| 7/28/2017 - 8/3/2017 | | $0.00 | $0.77 |
| Purchased on or after 8/4/2017 | | | $0.00 |

**TABLE B**

**Wells Fargo Closing Price and Average Closing Price
August 4, 2017 – November 1, 2017**

| Date | Closing Price | Average Closing Price Between August 4, 2017 and Date Shown | Date | Closing Price | Average Closing Price Between August 4, 2017 and Date Shown |
|---|---|---|---|---|---|
| 8/4/2017 | $52.84 | $52.84 | 9/20/2017 | $53.75 | $51.78 |
| 8/7/2017 | $52.54 | $52.69 | 9/21/2017 | $54.06 | $51.85 |
| 8/8/2017 | $52.71 | $52.70 | 9/22/2017 | $54.25 | $51.92 |
| 8/9/2017 | $52.79 | $52.72 | 9/25/2017 | $54.03 | $51.98 |
| 8/10/2017 | $51.95 | $52.57 | 9/26/2017 | $53.80 | $52.02 |
| 8/11/2017 | $51.94 | $52.46 | 9/27/2017 | $54.21 | $52.08 |
| 8/14/2017 | $52.84 | $52.52 | 9/28/2017 | $54.25 | $52.14 |
| 8/15/2017 | $52.85 | $52.56 | 9/29/2017 | $55.15 | $52.21 |
| 8/16/2017 | $52.69 | $52.57 | 10/2/2017 | $55.47 | $52.29 |
| 8/17/2017 | $51.80 | $52.50 | 10/3/2017 | $55.58 | $52.37 |
| 8/18/2017 | $51.68 | $52.42 | 10/4/2017 | $54.96 | $52.43 |
| 8/21/2017 | $51.82 | $52.37 | 10/5/2017 | $55.39 | $52.50 |
| 8/22/2017 | $52.22 | $52.36 | 10/6/2017 | $55.58 | $52.57 |
| 8/23/2017 | $52.03 | $52.34 | 10/9/2017 | $55.14 | $52.62 |
| 8/24/2017 | $52.16 | $52.32 | 10/10/2017 | $55.61 | $52.69 |
| 8/25/2017 | $51.77 | $52.29 | 10/11/2017 | $55.66 | $52.75 |
| 8/28/2017 | $51.63 | $52.25 | 10/12/2017 | $55.21 | $52.80 |
| 8/29/2017 | $51.42 | $52.20 | 10/13/2017 | $53.69 | $52.82 |
| 8/30/2017 | $51.36 | $52.16 | 10/16/2017 | $53.80 | $52.84 |
| 8/31/2017 | $51.07 | $52.11 | 10/17/2017 | $53.19 | $52.84 |
| 9/1/2017 | $50.97 | $52.05 | 10/18/2017 | $53.41 | $52.85 |
| 9/5/2017 | $50.10 | $51.96 | 10/19/2017 | $53.75 | $52.87 |
| 9/6/2017 | $49.88 | $51.87 | 10/20/2017 | $54.92 | $52.91 |
| 9/7/2017 | $49.68 | $51.78 | 10/23/2017 | $54.91 | $52.94 |
| 9/8/2017 | $49.58 | $51.69 | 10/24/2017 | $55.42 | $52.99 |
| 9/11/2017 | $50.66 | $51.65 | 10/25/2017 | $55.25 | $53.03 |
| 9/12/2017 | $51.57 | $51.65 | 10/26/2017 | $55.62 | $53.07 |
| 9/13/2017 | $51.46 | $51.64 | 10/27/2017 | $55.87 | $53.12 |
| 9/14/2017 | $51.29 | $51.63 | 10/30/2017 | $55.85 | $53.16 |
| 9/15/2017 | $51.66 | $51.63 | 10/31/2017 | $56.14 | $53.21 |
| 9/18/2017 | $52.71 | $51.67 | 11/1/2017 | $56.21 | $53.26 |
| 9/19/2017 | $53.36 | $51.72 | | | |

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

46.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff, and all other Released Plaintiff Parties (as defined in ¶50 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶47 below), including Unknown Claims (as defined in ¶51 below), against each and every one of the Released Defendant Parties (as defined in ¶49 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

47.     "Released Claims" means any and all claims, debts, rights, and causes of action or liabilities of every nature and description, including any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-

accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that both: (i) concern, arise out of, relate to, or are based upon the purchase or acquisition of Wells Fargo common stock during the Class Period; and (ii) were asserted or could have been asserted in this Action by Lead Plaintiff or any other member of the Class against any of the Released Defendant Parties and that arise out of or relate in any way to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or claims that could be brought in any derivative or ERISA action based on similar allegations.

48.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

49.     "Released Defendant Parties" means each and all of the Defendants and Former Defendants, and each and all of their Related Persons.

50.     "Released Plaintiff Parties" means Lead Plaintiff, each and every Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

51.     "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it, might have affected his, her, or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her, or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

1

2

3

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

4

5

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

6

7

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?**

8

9

10

11

12

13

52.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 25% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $2 million, plus interest. The Court will determine the amount of the award of fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

14

15

**HOW DO I PARTICIPATE IN THE SETTLEMENT?**
**WHAT DO I NEED TO DO?**

16

17

18

19

20

21

22

23

53.     If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you did not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form.  The website is www.WellsFargo2018SecuritiesLitigation.com.  You may also request a Claim Form by calling toll-free 1-888-416-6687.  Those who excluded themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court. Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

24

25

26

54.     As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiff, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

27

28

55.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you did not exclude yourself from the Class, you may present your objections by following the

instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you excluded yourself from the Class, you are not entitled to submit an objection.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

---

56.   **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.**

57.   The Settlement Hearing will be held on _____, 2023, at _____ .m., before the Honorable James Donato, at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

58.   Any Class Member who did not request exclusion such that it was received no later than January 26, 2023, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[6]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

59.   Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must: (i) clearly identify the case name and number (*Purple Mountain Tr. v. Wells Fargo & Co., et al.*, No. 3:18-cv-03948-JD (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or received on or before _____, 2023.

60.   The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of shares of Wells Fargo common stock that the objecting Person: (i) owned as of the opening of trading on November 3, 2016; and (ii)

---

[6]   Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before _____, 2023.

purchased, acquired and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector and his, her, or its counsel have previously objected. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

61.     You may not object to the Settlement or any aspect of it, if you excluded yourself from the Class.

62.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

63.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court so that the notice is received on or before _____, 2023.

64.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.WellsFargo2018SecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

65.     Nominees who purchased or acquired Wells Fargo common stock for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims

Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely emailing or mailing of the Postcard Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 1-888-416-6687, and may be downloaded from the Settlement website, www.WellsFargo2018SecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

66.    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.WellsFargo2018SecuritiesLitigation.com, including, among other documents, copies of the Stipulation and Proof of Claim Form.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the settlement agreement available at www.WellsFargo2018SecuritiesLitigation.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Wells Fargo Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

**-or-**

Scott H. Saham, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
Lead Counsel

1

2

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

3

4

Dated: _____                                    By Order of the Court
                                                                    United States District Court
                                                                    Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

ROBBINS GELLER RUDMAN
   & DOWD LLP
SPENCER A. BURKHOLZ (147029)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
LUCAS F. OLTS (234843)
ASHLEY M. KELLY (281597)
KEVIN S. SCIARANI (301411)
ERIKA L. OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
lolts@rgrdlaw.com
akelly@rgrdlaw.com
ksciarani@rgrdlaw.com
eoliver@rgrdlaw.com
       – and –
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

Attorneys for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURPLE MOUNTAIN TRUST, Individually and on Behalf of All Others Similarly Situated, ) | Case No. 3:18-cv-03948-JD |
| Plaintiff, ) | CLASS ACTION |
| vs. ) | PROOF OF CLAIM FORM |
| WELLS FARGO & COMPANY, et al., ) | EXHIBIT A-2 |
| Defendants. ) | |

4867-0714-8873.v3

1

***Wells Fargo Securities Litigation***

2

**c/o Gilardi & Co. LLC**
**P.O. Box Box 8040**
**San Rafael, CA   94912-8040**

3

**Toll-Free Number:  1-888-416-6687**

4

**Email:  info@WellsFargo2018SecuritiesLitigation.com**

5

**Website:  www.WellsFargo2018SecuritiesLitigation.com**

6

7

**<u>PROOF OF CLAIM</u>**

8

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than _____, 2023 or submit it online at the above website on or before _____, 2023**.

9

10

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

11

12

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above**.

13

14

**<u>PART I – INSTRUCTIONS</u>**

15

**A.      GENERAL INSTRUCTIONS**

16

1.      To recover as a member of the Class based on your claims in the action entitled

17

*Purple Mountain Tr. v. Wells Fargo & Co., et al.*, No. 3:18-cv-03948-JD (N.D. Cal.) (the "Action"),

18

you must complete and, on page [___] hereof, sign this Proof of Claim Form ("Claim Form").  If you

19

fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be

20

21

rejected, and you may be precluded from any recovery from the Net Settlement Fund created in

22

connection with the proposed settlement of the Action.

23

2.      Submission of this Claim Form, however, does not assure that you will share in the

24

proceeds of settlement in the Action.

25

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED

26

CLAIM FORM ON OR BEFORE _____, 2023, ADDRESSED AS FOLLOWS:

27

28

*Wells Fargo Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.WellsFargo2018SecuritiesLitigation.com

If you are NOT a member of the Class, as defined below and in the Notice of Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.     If you are a member of the Class and you did not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.     It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.     CLAIMANT IDENTIFICATION**

1.     If you purchased or acquired Wells Fargo common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the certificate(s) were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third-party is the record purchaser.

2.     Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Wells Fargo common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Wells Fargo common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Wells Fargo

common stock were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third-party is the record owner. THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE WELLS FARGO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Wells Fargo common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form

cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own or owned the Wells Fargo common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

**C.      CLAIM FORM**

1.      Use Part III of this form entitled "Schedule of Transactions in Wells Fargo Common Stock" to supply all required details of your transaction(s) in Wells Fargo common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Wells Fargo common stock that took place at any time on or between and including November 3, 2016 and August 3, 2017, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of shares of Wells Fargo common stock held at the close of trading on November 2, 2016, August 3, 2017, and November 1, 2017.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Wells Fargo common stock set forth in the Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The parties and the Claims

Administrator do not independently have information about your investments in Wells Fargo common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at

info@WellsFargo2018SecuritiesLitigation.com, or by toll-free phone at 1-888-416-6687, or you can visit the website, www.WellsFargo2018SecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

9.     NOTICE REGARDING ELECTRONIC FILES:   Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.WellsFargo2018SecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@WellsFargo2018SecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection**.  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WellsFargo2018SecuritiesLitigation.com to inquire about your file and confirm it was received**.

**PART II:     CLAIMANT IDENTIFICATION**

Beneficial Owner's Name (First, Middle, Last)

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____

Street Address

_____

City                                State or Province

_____

Zip Code or Postal Code              Country

_____            Individual _____

Social Security Number or            _____  Corporation/Other
Taxpayer Identification Number

_____  _____

Area Code         Telephone Number (work)

_____  _____

Area Code         Telephone Number (home)

Email Address:_____

_____

Record Owner's Name (if different from beneficial owner listed above)

**PART III:     SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Wells Fargo common stock.

A.     Number of shares of Wells Fargo common stock held at the close of trading on November 2, 2016.  (Must be documented.)  If none, write "zero": _____

B.     Purchases or acquisitions of Wells Fargo common stock (November 3, 2016- August 3, 2017, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.    Sales of Wells Fargo common stock (November 3, 2016-November 1, 2017, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

D.    Number of shares of Wells Fargo common stock held at the close of trading on August 3, 2017.  (Must be documented.)   If none, write "zero": _____

E.    Number of shares of Wells Fargo common stock held at the close of trading on November 1, 2017.  (Must be documented.)   If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated February 6, 2023 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Wells Fargo common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V – RELEASE**

     1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

     2.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

     3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Wells Fargo common stock and know of no other person having done so on my (our) behalf.

     4.      I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Wells Fargo common stock during the Class Period, as well as the number of shares held at the close of trading on November 2, 2016, August 3, 2017, and November 1, 2017.

     5.      The number(s) shown on this form is (are) the correct SSN/TIN(s).

     6.      I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

     7.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

     (NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

1    I (We) declare under penalty of perjury under the laws of the United States of America that

2  the foregoing information supplied by the undersigned is true and correct.

3    Executed this _____ day of _____, 20___,

4              (Month/Year)

5

6  in _____, _____.
               (City)                    (State/Country)

7

8                    _____
                    (Sign your name here)

9

10                   _____
                    (Type or print your name here)

11

12                   _____
                    (Capacity of person(s) signing, *e.g.*,
13                   Beneficial Purchaser or Acquirer,
                    Executor or Administrator)

14  For Joint Beneficial Purchaser, if any:

15                   _____
                    (Sign your name here)
16

17                   _____
18                   (Type or print your name here)

19          ACCURATE CLAIMS PROCESSING TAKES A
            SIGNIFICANT AMOUNT OF TIME.
20          THANK YOU FOR YOUR PATIENCE.

21    Reminder Checklist:

22    1.    Please sign the above release and acknowledgment.

23    2.    Remember to attach copies of supporting documentation, if available.

24    3.    Do not send original stock certificates.  Attach only *copies* of acceptable supporting

25  documentation as these documents will not be returned to you.

26    4.    Keep a copy of your Claim Form and all supporting documentation for your records.

27    5.    If you move, please send us your new address.

28

EX. A-2 PROOF OF CLAIM FORM - 3:18-cv-03948-JD                          - 10 -
4867-0714-8873.v3

1    6.    If you have any questions or concerns regarding your claim, contact the Claims

2    Administrator at *Wells Fargo Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San

3    Rafael, CA  94912-8040, by email at info@WellsFargo2018SecuritiesLitigation.com, or by toll-free

4    phone at 1-888-416-6687, or you may visit www.WellsFargo2018SecuritiesLitigation.com.   DO

5    NOT call Wells Fargo, the other Defendants, or their counsel with questions regarding your claim.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SPENCER A. BURKHOLZ (147029)
   JASON A. FORGE (181542)
3  SCOTT H. SAHAM (188355)
   LUCAS F. OLTS (234843)
4  ASHLEY M. KELLY (281597)
   KEVIN S. SCIARANI (301411)
5  ERIKA L. OLIVER (306614)
   655 West Broadway, Suite 1900
6  San Diego, CA  92101
   Telephone:  619/231-1058
7  619/231-7423 (fax)
   spenceb@rgrdlaw.com
8  jforge@rgrdlaw.com
   scotts@rgrdlaw.com
9  lolts@rgrdlaw.com
   akelly@rgrdlaw.com
10 ksciarani@rgrdlaw.com
   eoliver@rgrdlaw.com
11        – and –
   JASON C. DAVIS (253370)
12 Post Montgomery Center
   One Montgomery Street, Suite 1800
13 San Francisco, CA  94104
   Telephone:  415/288-4545
14 415/288-4534 (fax)
   jdavis@rgrdlaw.com
15
   Attorneys for Lead Plaintiff
16
                      UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18
   PURPLE MOUNTAIN TRUST, Individually )   Case No. 3:18-cv-03948-JD
19 and on Behalf of All Others Similarly Situated, )
                                              )   CLASS ACTION
20                         Plaintiff,         )
                                              )   SUMMARY NOTICE
21        vs.                                 )
                                              )   EXHIBIT A-3
22 WELLS FARGO & COMPANY, et al.,             )
                                              )
23                         Defendants.        )
                                              )
24
25
26
27
28

4859-8815-3673.v2

1   *IF YOU PURCHASED OR ACQUIRED WELLS FARGO & COMPANY ("WELLS FARGO")*
*COMMON STOCK FROM NOVEMBER 3, 2016 THROUGH AUGUST 3, 2017, INCLUSIVE*
2   *(THE "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION*
*SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE*
3   *CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.*

4        PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED

5   BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

6        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

7   Procedure and Order of the United States District Court for the Northern District of California, that

8   in the above-captioned litigation (the "Action"), a Settlement has been proposed for $300,000,000.00

9   in cash.  A hearing will be held on _____, 2023, at __:__ _.m., before the Honorable James

10  Donato, at the United States District Court, Northern District of California, Phillip Burton Federal

11  Building & United States Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San

12  Francisco, CA 94102, for the purpose of determining whether: (i) the proposed Settlement should be

13  approved by the Court as fair, reasonable and adequate; (ii) the proposed Plan of Allocation for

14  distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be

15  approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses

16  from the Settlement Fund, including interest earned thereon, should be granted.

17       **IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS**

18  **MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY**

19  **BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  You may obtain a copy of the

20  Stipulation of Settlement, the Notice of Proposed Settlement of Class Action (the "Notice"), and the

21  Proof of Claim Form at www.WellsFargo2018SecuritiesLitigation.com or by contacting the Claims

22  Administrator: *Wells Fargo Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San

23  Rafael, CA  94912-8040; 1-888-416-6687.

24       If you are a Class Member, to be eligible to share in the distribution of the Net Settlement

25  Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2023, or

26  submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim,

27  you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be

28

1    bound by any judgment entered by the Court in this Action (including the releases provided for
2    therein).

3          To exclude yourself from the Class, you must have mailed a written request for exclusion so
4    that it was received by January 26, 2023, in accordance with the instructions set forth in the notice of
5    class certification disseminated pursuant to Court order.  If you are a Class Member and have not
6    excluded yourself from the Class, you will be bound by any judgment entered by the Court in this
7    Action (including the releases provided for therein) whether or not you submit a Proof of Claim.  If
8    you submitted a valid request for exclusion, you will have no right to recover money pursuant to the
9    Settlement.

10         Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense
11   application must be filed with the Court no later than _____, 2023.

12         **PLEASE  DO  NOT  CONTACT  THE  COURT,  THE  CLERK'S  OFFICE,**
13   **DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have
14   any questions about the Settlement, or your eligibility to participate in the Settlement, you may
15   contact Lead Counsel at the following address or by calling 1-800-449-4900:

16
17         ROBBINS GELLER RUDMAN
             & DOWD LLP
           SCOTT H. SAHAM
18         655 West Broadway, Suite 1900
           San Diego, CA  92101
19         settlementinfo@rgrdlaw.com

20   DATED: _____          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
21                                       NORTHERN DISTRICT OF CALIFORNIA

22
23
24
25
26
27
28

# EXHIBIT A-4

<u>**LEGAL NOTICE**</u>

*Purple Mountain Trust v. Wells Fargo & Company, et al.*
No. 3:18-cv-03948-JD (N.D. Cal.)
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

www.WellsFargo2018SecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a Securities Class Action Settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read it carefully.

*Purple Mountain Trust v. Wells Fargo & Company, et al.*
No. 3:18-cv-03948-JD (N.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.WELLSFARGO2018SECURITIESLITIGATION.COM OR CALL 1-888-416-6687 FOR MORE INFORMATION

If you purchased or otherwise acquired Wells Fargo & Company ("Wells Fargo" or the "Company") common stock from November 3, 2016 through August 3, 2017, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be heard on _____, 2023 at _____ before the Honorable James Donato at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 to determine whether the proposed settlement of the Action against Defendants Wells Fargo and Timothy J. Sloan for $300 million and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, plus interest, and expenses not to exceed $2 million, plus interest, should be granted.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. federal laws, Defendants made material misrepresentations and omissions, with scienter, regarding force placed unneeded Collateral Protection Insurance ("CPI") on hundreds of thousands of its customers and failure to refund unearned guaranteed auto protection ("GAP") premiums to tens of thousands of customers. Defendants deny the allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice of Proposed Settlement of Class Action, and the Proof of Claim Form ("Proof of Claim") by visiting the website: www.WellsFargo2018SecuritiesLitigation.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: *Wells Fargo Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040; or (ii) call toll-free: 1-888-416-6687.

To qualify for payment, you must submit a valid Proof of Claim, with supporting documentation, postmarked no later than _____, 2023. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you previously excluded yourself from the Class. If you previously excluded yourself, you cannot get money from this Settlement. If you did not exclude yourself and stayed in the Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than _____, 2023. The long-form Notice and the Website explain how to object.

Lead Plaintiff and the Class are represented by Lead Counsel: Scott H. Saham, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

4869-6896-5449.v2

# EXHIBIT B

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
JASON A. FORGE (181542)
SCOTT H. SAHAM (188355)
LUCAS F. OLTS (234843)
ASHLEY M. KELLY (281597)
KEVIN S. SCIARANI (301411)
ERIKA L. OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
jforge@rgrdlaw.com
scotts@rgrdlaw.com
lolts@rgrdlaw.com
akelly@rgrdlaw.com
ksciarani@rgrdlaw.com
eoliver@rgrdlaw.com
        – and –
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

Attorneys for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURPLE MOUNTAIN TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>                              Defendants. | Case No. 3:18-cv-03948-JD<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

4877-1004-6793.v3

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, on the application of the Settling Parties for approval of the Settlement set forth in

3    the Stipulation of Settlement dated February 6, 2023 (the "Stipulation").  Due and adequate notice

4    having been given to the Class as required in the Order, the Court having considered all papers filed

5    and proceedings held herein and otherwise being fully informed in the premises and good cause

6    appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

8    capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless

9    otherwise stated herein.

10        2.    This Court has jurisdiction over the subject matter of the Action and over all parties to

11    the Action, including all members of the Class.

12        3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class includes all

13    Persons and entities who purchased or otherwise acquired the common stock of Wells Fargo during

14    the period from November 3, 2016 through August 3, 2017 inclusive, and were damaged thereby.

15    Excluded from the Class are Defendants, present or former executive officers of Wells Fargo and

16    their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and

17    (1)(b)(ii)).  Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from

18    the Settlement Class.  Also excluded from the Class is any Person who timely and validly sought

19    exclusion from the Class, as identified in Exhibit A hereto.

20        4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

21    approves the Settlement set forth in the Stipulation and finds that:

22        (a)    in light of the benefits to the Class and the complexity and expense of further

23    litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable,

24    and adequate;

25        (b)    there was no collusion in connection with the Stipulation;

26        (c)    Lead Plaintiff and Lead Counsel have adequately represented the Class;

27        (d)    the Stipulation was the product of informed, arm's-length negotiations among

28    competent, able counsel;

EX. B [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 3:18-
cv-03948-JD
4877-1004-6793.v3                                                                                    - 1 -

1          (e)     the relief provided for the Class is adequate, having taken into account: (i) the

2    costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

3    distributing relief to the Class, including the method of processing Class Member's claims; (iii) the

4    terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement

5    required to be identified under Federal Rule of Civil Procedure 23(e)(3;

6          (f)     the proposed Plan of Allocation treats Class Members equitably relative to

7    each other; and

8          (g)     the record is sufficiently developed and complete to have enabled Lead

9    Plaintiff and Defendants to have adequately evaluated and considered their positions.

10         5.      Accordingly, the Court authorizes and directs implementation and performance of all

11   the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to

12   any individual claim of those Persons who have validly and timely requested exclusion from the

13   Class (identified in Exhibit A hereto), the Action and all claims contained therein are dismissed with

14   prejudice as to the Lead Plaintiff, and the other Class Members and as against each and all of the

15   Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise

16   provided in the Stipulation.

17         6.      No Person shall have any claim against the Lead Plaintiff, Lead Counsel, or the

18   Claims Administrator, or any other Person designated by Lead Counsel based on determinations or

19   distributions made substantially in accordance with the Stipulation and the Settlement contained

20   therein, the Plan of Allocation, or further order(s) of the Court.

21         7.      Upon the Effective Date, Lead Plaintiff, and each of the Class Members (whether or

22   not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who

23   have validly opted out of the Class), on behalf of themselves, and each of their respective heirs,

24   executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers,

25   directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and

26   any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in

27   that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally,

28   and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and

1   every one of the Released Claims (including, without limitation, Unknown Claims) against each and

2   every one of the Released Defendant Parties with prejudice on the merits, whether or not the Lead

3   Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the

4   Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the

5   Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

6         8.      Upon the Effective Date, Defendants shall be deemed to have, and by operation of

7   this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the

8   Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation,

9   Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.  For the

10  avoidance of doubt, the releases, relinquishments and discharges provided by the Released

11  Defendant Parties in the Stipulation do not include the release, relinquishment or discharge of any

12  claim or cause of action that any of the Released Defendant Parties may have against an insurer or

13  reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the

14  Action or any related matter or proceeding, including any derivative action based on similar

15  allegations.  Claims to enforce the terms of the Stipulation are not released.

16        9.      Upon the Effective Date, the Lead Plaintiff, all Class Members and anyone claiming

17  through or on behalf of any of them are forever permanently barred and enjoined from commencing,

18  instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in

19  any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any

20  of the Released Claims (including, without limitation, Unknown Claims) against any of the Released

21  Defendant Parties.

22        10.     The distribution of the Postcard Notice by email and mail (where no email was

23  available), posting of the Notice and Proof of Claim Form, and publication of the Summary Notice

24  as provided for in the Preliminary Approval Order constituted the best notice practicable under the

25  circumstances, including individual notice to Class Members who could be identified through

26  reasonable effort.  The notice provided was the best notice practicable under the circumstances of

27  those proceedings and of the matters set forth therein, including the proposed Settlement set forth in

28  the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements

of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

11.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

12.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

14.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

19.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____        _____
                                       THE HONORABLE JAMES DONATO
                                       UNITED STATES DISTRICT JUDGE