UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURPLE MOUNTAIN TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 18-cv-03948-JD<br><br>**ORDER RE FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS' FEES AND COSTS** |

In this securities class action, lead plaintiff the Construction Laborers Pension Trust for Southern California (Construction Laborers) alleged claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Securities and Exchange Commission Rule 10b-5, against defendants Wells Fargo & Company and its former CEO, Timothy Sloan (together, Wells Fargo), on behalf of persons who purchased or acquired Wells Fargo common stock between November 3, 2016, and August 3, 2017. Dkt. No. 46 ¶¶ 2, 16. The Court granted class certification, Dkt. No. 211, and the parties reached a settlement (the "Stipulation"), Dkt. No. 220-2. The Court preliminarily approved the settlement. Dkt. No. 230.

Construction Laborers ask for final approval of the settlement, as well as approval of an award of attorneys' fees and costs for lead counsel and an award to the class representative. Dkt. Nos. 231, 232. The Court held a hearing on August 17, 2023, and grants final approval and the award of fees and costs, as stated below. This order is based on a proposed order lodged by the parties and modified pursuant to the Court's conclusions and practices. Counsel and parties are advised to read the order for changes, particularly with respect to a fees and expenses hold-back in Section III.3. All capitalized terms take the meaning provided in the Stipulation.

## I. **SETTLEMENT**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class includes all Persons and entities who purchased or otherwise acquired the common stock of Wells Fargo during the period from November 3, 2016 through August 3, 2017 inclusive, and were damaged thereby. Excluded from the Class are Defendants, present or former executive officers of Wells Fargo and their immediate family members (as defined in 17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii)). Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class. Also excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in the attached Exhibit A.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Stipulation and finds that:

(a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement are fair, reasonable, and adequate;

(b) there was no collusion between the parties;

(c) Lead Plaintiff and Lead Counsel have adequately represented the Class;

(d) the Stipulation was the product of informed, arm's-length negotiations among competent counsel;

(e) the relief provided for the Class is adequate in light of: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g) the record is sufficiently developed to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

4. The Court authorizes the implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A), the Action and all claims contained therein are dismissed with prejudice as to the Lead Plaintiff, and the other Class Members and as against each and all of the Released Defendant Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

5. No Person shall have any claim against the Lead Plaintiff, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

6. Upon the Effective Date, Lead Plaintiff, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Lead Plaintiff, or such Class Member executes and delivers the Proof of Claim and whether or not the Lead Plaintiff, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

7. Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation,

3

1  Unknown Claims). Claims to enforce the terms of the Stipulation are not released. For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in the Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative action based on similar allegations. Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, the Lead Plaintiff, all Class Members and anyone claiming through or on behalf of any of them are forever permanently barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

9. The distribution of the Postcard Notice by email and mail (where no email was available), posting of the Notice and Proof of Claim Form, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is

hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

10. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Action; and (iv) all parties for the purpose of construing, enforcing, and administering the Settlement.

13. The Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     The Settling Parties will bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**II.     PLAN OF ALLOCATION**

1.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that adequate notice was directed to Persons who are Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was accorded to such Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

2.      The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Action (the "Notice") sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund provided by the Settlement among eligible Class Members, with due consideration having been given to administrative convenience and necessity.

3.      The Court finds that the Plan of Allocation, as set forth in the Notice, is fair and reasonable, and approves the Plan of Allocation.

**III.    ATTORNEYS' FEES**

1.      Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Action Reform Act of

1   1995, due process, and any other applicable law, constituted the best notice practicable under the

2   circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3       2.     The Court awards Lead Counsel attorneys' fees of 25% of the Settlement Amount, plus expenses in the amount of $1,965,687.14, and interest. The fees award is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class.

       3.     Seventy-five percent (75%) of the awarded attorneys' fees and expenses may be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation. Twenty-five percent (25%) of the awarded fees and costs will remain in the Settlement Fund pending the filing of a post-distribution accounting as provided for in the District's Procedural Guidance for Class Action Settlements, and may be released only upon the Court's order.

       4.     In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

       a.   the Settlement has created a fund of $300,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Counsel;

       b.   over 1,128,800 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $2 million, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

       c.   Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

       d.   Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

  e. Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

  f. the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

  g. had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

  h. Lead Counsel devoted over 43,350 hours, with a lodestar value of $29,516,213.00 at current rates, to achieve the Settlement;

  i. Lead Plaintiff approved the amount of attorneys' fees awarded as fair and reasonable; and

  j. the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

5. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiff Construction Laborers Pension Trust for Southern California $9,794.98 for its time and expenses representing the Class.

**IT IS SO ORDERED.**

Dated: September 26, 2023

                  _____
                  JAMES DONATO
                  United States District Judge

**EXHIBIT A**
*Purple Mountain Trust v. Wells Fargo & Company, et al.*,
No. 3:18-cv-03948-JD

**INDIVIDUALS WHO HAVE VALIDLY AND TIMELY
REQUESTED EXCLUSION FROM THE CLASS**

1. John D. S. Muhlenberg Nancy Ruan
2. Walter A. Meller
3. Monica M. Lurken
4. Monica Goswami
5. Kathy Tomlinson
6. Cathy Dell
7. Nancy Barton Bradford
8. Michael S. and Sandra M. Clapp
9. Estate of John Y Embrey, Elizabeth Ann Embrey Anderson and Nancy Embrey Wilkerson Co-Executors
10. Charles Anna Marsh
11. Robert H. Blake Credit Trust, U/W DTD 04/17/2008, Phyllis M. Day Trustee
12. Sandra Thompson Gilliland
13. Allan W Trowbridge (Decd), WFCS Custodian Trad IRA
14. Barbara A. Rand
15. Clarence R. Petree Revocable Trust, U/A DTD 07/01/1974, Clarence R. Petree TTEE
16. Mary Thompson
17. Estate of Mary K. Fiero, Robert S. Fiero, Admin
18. Aditya Kumar Sikhakolli
19. Helen A. Srodek
20. Katherine H. Robinson
21. Milton J. and Gloria S. Contaras JTWROS
22. Denise Hill Molinsky
23. Leticia Granados Flynn
24. Leticia Granados Flynn Custodian, Thomas F. Flynn UGMA of NY
25. Mark R. Struble
26. Lee and Nova C Festervan JT TEN WROS
27. Ronna J. deGracia
28. Betty Lou Smith Rev Trust (Decd), Cindi Smith Dunham Successor Trustee
29. Jean L. Boskie
30. John Randall Wheeler Lvg Trust U/A DTD 6/23/2000, Jo Fuller Wheeler TTEE
31. Beverly J. Downer
32. Dale Marcus
33. Betty P. Gibson
34. Dana M. Thompson
35. Virginia R. Higdon Trust, Virginia R Higdon TTEE (Decd) u/a dated 8/7/97, John R. Higdon Successor Trustee
36. Monte Crutchfield
37. Peggy Crutchfield
38. Karen Creed
39. Pavithra D.

40. Lois H. Friedrichsen
41. Walter A. and Beverly A. Meller
42. Estate of John A. Johnson, Linda Huizenga Executrix
43. John A. Johnson IRA (Decd), WFCS as Custodian, Linda Huizenga Executrix
44. Kelly Neely
45. Judy Simmons
46. Bonnie Ann Bradley
47. Joseph M. and LeeAnne McGough
48. Anne L. Olsgaard
49. Peggy B. Ecker
50. Thomas Vorpal
51. Arthur L. Olson (Decd), WFCS Custodian Trad IRA
52. Helene S. Ivall Irrevocable Trust, Kevin J. Patrick and Randall G. Ivall TTEE
53. Marvin L. Rees
54. Kei Ho Cheng
55. Kay Chen
56. Suzanne Steier
57. John M. Gregory
58. Patricia M Brown
59. Clarence Roger Miller
60. Louise Witt
61. Mary Ann Roney
62. Theodore and Joycelyn Renois
63. Rachel Quackenbush
64. Robert Allen
65. Law Yee Ha
66. Charles R Maier
67. William Holloway
68. James Cook
69. Michelle Annette Schumacher FMT CO Cust IRA Rollover
70. Roy J. and Gladys Smith, Edward Jones Trust Co as Cust
71. Alain Arsenault
72. Walter A. Meller
73. Dale Marcus
74. Beverly A. Meller
75. Alain Arsenault
76. Emily M. Clayton